JOSEPH C. HOWELL ET AL. *v.* WILLIAM S. JOHNSON ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued March 1—decided April 28, 1960

*Charles G. Albom,* with whom, on the brief, were *Axel E. Swanson* and *Edward M. Reynolds,* for the appellants (plaintiffs).

*John G. Cicala,* for the appellees (defendants).

MURPHY, J.   The plaintiffs seek a declaratory judgment as to the validity of the inclusion of two factors in promotional examinations in the fire department in the first taxation district of the town

of West Haven. The trial court concluded that these factors could be considered in determining the results of such examinations and rendered judgment in favor of the defendants. The plaintiffs have appealed.

The plaintiffs are members of the permanent staff of the fire department in the taxation district. The defendants are the chief of the department, the three members of the board of fire commissioners and the personnel director for the state. The personnel director conducted an examination to set up a list of eligible candidates for the position of assistant fire chief, which was vacant. He professes to have acted under the provisions of, and in conformity with, No. 262 of the 1957 Special Acts.[1] 28 Spec. Laws 356. Prior to the passage of this

[1] "[Spec. Acts 1957, No. 262] AN ACT CONCERNING APPOINTMENTS TO AND PROMOTIONS IN THE FIRE DEPARTMENT OF THE FIRST TAXATION DISTRICT OF THE TOWN OF WEST HAVEN. Section 7 of number 399 of the special acts of 1937 is amended to read as follows: Applicants for membership or promotions in the permanent staff shall submit to a competitive examination. (a) All examinations held pursuant to this act shall be conducted by the personnel division of the state of Connecticut and the appropriate authorities of the town of West Haven shall enter into an agreement with the state personnel director in accordance with the provisions of section 402d of the 1955 supplement to the general statutes and shall make all necessary arrangements required by law and otherwise in order to cause said personnel division to conduct such tests. The applicant who attains the highest grade among those persons available for appointment shall be eligible for appointment to the permanent staff. The member of the permanent staff who has attained his first grade fire fighter status shall not be eligible to take any examination under the provisions of this section given for the appointment of officers until he has been a member of the permanent staff for at least two years. (b) The member of the permanent staff, who has attained a first grade fire fighter status and who has been a member of the permanent staff for two years, who attains the highest grade in any such examination for promotion shall be eligible for appointment to the next highest rank or classification to that which he holds on the date said examination is given, provided no member of the permanent staff shall be qualified to take

act, vacancies in the permanent staff could be filled only as the result of an open competitive examination conducted by a committee of three citizens selected by the board of fire commissioners. 22 Spec. Laws 798, No. 399, § 7. This section of the law was superseded by 1957 Special Act No. 262.

The plaintiffs, since they withdrew the first count of their complaint, which sought an injunction, have not questioned the authority of the personnel director to conduct the examination. Nor have they made an issue of the assumption by the board of fire commissioners of the duties of the personnel director when the board appointed a committee of three persons to set up the qualifications for the examination. The report of this committee was promulgated by the personnel director as the schedule determining the duties and qualifications of the appointee and

an examination until he has served at least one year in the next lowest rank or classification to that for which the examination is given. If more than one vacancy occurs, such vacancies shall be filled by the eligible applicants or members who attain the highest grades in the examinations herein provided. The examinations shall be mandatory for eligibility to appointment on the permanent staff and all positions, whether such position is now in existence or hereinafter created, except for the office of fire chief. (c) Said board of fire commissioners shall keep a separate list of the eligible appointees from each examination provided for in subsection (a) hereof; and in the event that more than one vacancy is to be filled, the appointment of the eligible appointees shall be made in the order of grades attained on any such examination. The eligibility list kept by the board for each examination shall remain in effect for a period of two years in the case of applicants to the permanent staff and five years for all other examinations provided for in this section. (d) Said board of fire commissioners shall fill any and all vacancies which arise within the department from the eligibility list provided for in subsection (c) hereof within ninety days from the date said vacancy occurs. (e) The first examination held after the passage of this act for any particular position, whether such position is now in existence or hereinafter created, shall be an open competitive examination to all members of the permanent staff who have held a first grade fire fighter status for at least two years."

the evaluation of the factors upon which the results of the examination were to be based. A written and an oral examination were each to count as 40 per cent of the result; 10 per cent was allotted to service efficiency and 10 per cent to seniority. These last two factors are the precipitants of this action. Service efficiency was to be determined by adding the departmental efficiency rating to an established norm of 70 per cent; seniority credit was to be determined by adding 1 per cent for each year of service on the permanent staff to a norm of 70 per cent. Service efficiency ratings of members of the department by their superior officers had not been made or kept prior to the compilation of the schedule for the examination and the announcement of it.

No. 262 of the 1957 Special Acts is vague and uncertain. While it directs the state personnel department and its director to conduct all examinations held pursuant to the act, it establishes no standards or principles to guide the department in executing this legislative directive. *State* v. *Stoddard,* 126 Conn. 623, 628, 13 A.2d 586; *Wilson* v. *West Haven,* 142 Conn. 646, 655, 116 A.2d 420. The act did not incorporate by reference or otherwise the provisions of the General Statutes on the nature and conduct of examinations which apply to state employees under the merit system; §§ 5-25, 5-26, 5-27; nor those governing municipal employees where a local merit system has been adopted. § 7-413. As the examination for assistant fire chief is the first since the passage of the act, the only standards governing the examination are to be found in subdivision (e) of the act, that is, the last sentence. It provides that the examination must be competitive and open to all members of the permanent staff who have held the status of first-grade fire fighter for

two years. This requirement renders inapplicable in this examination the provision in subdivision (b) of the act that in promotional examinations one year's service in the rank next below that for which the examination is taken is a prerequisite. And it also shows that the legislature did not make provision for consideration of seniority. The examination must be open to all who are able to meet the minimum requirements for candidates; *Almassy* v. *Los Angeles County Civil Service Commission,* 34 Cal. 2d 387, 398, 210 P.2d 503; and competitive in that it has to employ an objective standard or measure. *Matter of Fink* v. *Finegan,* 270 N.Y. 356, 361, 1 N.E.2d 462. Service efficiency ratings worked up for the occasion of the examination not only inject a subjective feature into it but destroy the open competitive feature the legislature sought to ensure.

Under the limitations of subdivision (e), service efficiency and seniority should not have been included as factors to be considered in weighing the competence of the candidates for the post of assistant fire chief, and they should be eliminated in computing the standings of the eligible candidates. That portion of the prayer for a declaratory judgment which seeks advice as to the proper conduct of future examinations should not be answered. It concerns contingencies involving unknown and unascertainable candidates, and therefore the subject is not a proper one for a declaratory judgment at this time. Practice Book § 277(a), (b), (d).

There is error, the judgment is set aside and the case is remanded with direction to render judgment in accordance with this opinion.

In this opinion the other judges concurred.