MICHAEL P. DEL VECCHIO *v.* CIVIL SERVICE
COMMISSION OF THE CITY OF BRIDGEPORT
ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and PARSKEY, Js.

Argued May 2—decision released July 24, 1979

*Beverly J. Hodgson,* with whom, on the brief, was
*Michael P. Koskoff,* for the appellant (plaintiff).

*Thomas W. Bucci,* for the appellees (named
defendant et al.).

*Richard L. Albrecht,* with whom, on the brief, was
*Robert B. Adelman,* for the appellee (defendant
Alan Cohen).

PARSKEY, J. This action for a declaratory judg-
ment seeks to have a certain examination for per-
sonnel director of the city of Bridgeport declared
illegal in violation, inter alia, of the city charter.
At the close of the plaintiff's testimony the trial

court, upon motion by the defendants, rendered a judgment of nonsuit for failure of the plaintiff to prove a prima facie case.

A nonsuit for failure to prove a prima facie case implicates the evidence. It is tested by the evidence printed in the appendix to the plaintiff's brief. Practice Book, 1978, § 3040. An evidentiary nonsuit may enter only "when the evidence produced by the plaintiff, if fully believed, would not permit the trier in reason to find the essential issues on the complaint in favor of the plaintiff." *Minicozzi* v. *Atlantic Refining Co.*, 143 Conn. 226, 230, 120 A.2d 924 (1956); *Ace-High Dresses, Inc.* v. *J. C. Trucking Co.*, 122 Conn. 578, 579, 191 A. 536 (1937). Although at the plaintiff's request the trial court filed a finding, whether a finding was necessary depends upon whether the appeal involves a review of the trial court's conclusions upon the facts of the case. Practice Book, 1978, § 3020. Because in determining whether to grant the nonsuit the court was not called upon either to find facts or to draw conclusions therefrom, a finding was both unnecessary and inappropriate.

In his complaint the plaintiff alleged that an oral examination was conducted for the post of personnel director of the city of Bridgeport, that the plaintiff's sole competitor for the post was the acting director, the defendant Alan Cohen, that the examination was arbitrary and capricious both in the manner in which the examination was conducted and in the evaluation of the results, and that in such respects, which he specified, the examination violated the civil service provisions of the city charter.

The charter of the city of Bridgeport provides for competitive examinations for appointment to

posts in the classified service. 22 Spec. Acts 264, No. 407, § 9; see also the amendments thereto at 24 Spec. Acts 814, No. 431, §§ 2, 3, 4; 27 Spec. Acts 564, No. 622, § 1. To be competitive the test must employ a standard or measure sufficiently objective to be capable of being challenged and reviewed by other examiners of equal ability and experience. *Ziomek* v. *Bartimole,* 156 Conn. 604, 611, 244 A.2d 380 (1968); *Howell* v. *Johnson,* 147 Conn. 290, 295, 160 A.2d 486 (1960). The fact that the examination is oral or that it is not wholly objective does not prevent it from being classified as competitive. *Almassy* v. *Los Angeles County Civil Service Commission,* 34 Cal. 2d 387, 398, 210 P.2d 503 (1949). Where, however, there is no list of questions used by the examiners, no uniformity in the questions posed to each candidate, no method for evaluating the questions or scoring the answers, and no record of the results, there is a basis for concluding that the examining authority has acted capriciously upon the notions of the examiners. *Ziomek* v. *Bartimole,* supra, 610–11. How many of these factors will be required to tip the scales against a particular examination will, of course, depend upon the circumstances involved in each case.

The plaintiff offered evidence that no record was kept either of the individual questions and answers or of the scores relating thereto and that a number of questions called for the examiners to make subjective evaluations. The inferences to be drawn from this evidence would permit a conclusion that the oral examination lacked sufficient objective standards to render the test competitive. Although the plaintiff may not have presented a strong case for relief even a weak case may be strong enough

to withstand the zephyr of an evidentiary nonsuit. *Crowell* v. *Palmer,* 134 Conn. 502, 505, 58 A.2d 729 (1948).

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.