## EDWARD ROSENFIELD ET AL. *v.* ROSE MARIE CYMBALA ET AL.
### (15172)

Dupont, C. J., and Foti and Schaller, Js.

Submitted on briefs May 3—officially released September 10, 1996

*Peter N. Upton* and *Nicole I. Mason* filed a brief for the appellant (named plaintiff).

*Robert M. Axelrod* filed a brief for the appellee (named defendant).

DUPONT, C. J. The sole issue presented by this appeal is whether the trial court properly rendered the summary judgment sought by the defendant Rose Marie Cymbala[1] against the plaintiffs[2] on the ground that their foreclosure action against her is barred by the doctrine of res judicata. We affirm the judgment of the trial court.

The pertinent facts and procedural history are not in dispute. The plaintiff brought the present foreclosure action seeking immediate possession of certain real property located in the town of Essex and a deficiency judgment against the defendant. The defendant moved for summary judgment on the ground that the plaintiff's action is barred by the doctrine of res judicata. The trial court, *Aurigemma, J.*, concluded that the mortgage at issue in the present action was the subject of a prior foreclosure action brought by the plaintiff against the defendant. In the prior action,[3] upon conclusion of the plaintiff's case-in-chief, the defendant moved for a judgment of dismissal pursuant to Practice Book § 302[4] for

---

[1] Pearl-Main Investment Company was also named as a defendant in this foreclosure action. The trial court issued a default against it for failure to appear, and it is not involved in this appeal. In this opinion, references to the defendant are to the defendant Rose Marie Cymbala.

[2] The plaintiffs are Edward Rosenfield and Connecticut Investment Company, Inc. Although this appeal was filed by both of the plaintiffs, the plaintiff Connecticut Investment Company, Inc., has neither filed a brief in its individual capacity nor joined in the brief filed by the plaintiff Edward Rosenfield. We, therefore, consider its appeal abandoned. *Smith* v. *Nationwide Mutual Ins. Co.*, 214 Conn. 734, 735 n.1, 573 A.2d 740 (1990). References to the plaintiff in this opinion are to the plaintiff Edward Rosenfield.

[3] The plaintiff Edward Rosenfield, brought the prior foreclosure action by way of a complaint in two counts, the first of which was disposed by summary judgment on June 16, 1990. A trial to the court proceeded on the second count, which sought a foreclosure of the mortgage.

[4] Practice Book § 302 provides: "Dismissal in Court Cases for Failure to Make Out a Prima Facie Case

the plaintiff's failure to make out a prima facie case. The trial court, *Higgins, J.,* granted the motion for dismissal, and rendered a judgment dismissing the action. We affirmed that judgment on appeal. *Rosenfield* v. *Cymbala,* 33 Conn. App. 931, 636 A.2d 881 (1994).

The defendant moved for summary judgment in the present action on the issue of liability and claimed that there exists no issue of material fact and that the defendant is entitled to judgment as a matter of law because the plaintiff's action is barred by the doctrine of res judicata. The plaintiff opposed the defendant's motion for summary judgment, claiming that the merits of the prior action were never reached. The trial court concluded that a "judgment of dismissal rendered by a court pursuant to § 302 of the Practice Book after the plaintiff has rested is a trial on the merits for purposes of the doctrine of res judicata." On that basis, the trial court granted the defendant's motion for summary judgment.

The plaintiff acknowledges that the doctrine of res judicata applies if there is a preexisting judgment on the merits of a case, but claims that in the prior action, the judgment of dismissal rendered pursuant to Practice Book § 302 for the plaintiff's failure to make out a prima facie case is not a judgment on the merits. The defendant responds that because the plaintiff had the opportunity to present his case-in-chief in the prior action, and did so, the judgment of dismissal rendered at the close of his case is a judgment on the merits to which the doctrine of res judicata applies. We agree with the

---

"If, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced his evidence and rested his cause, the defendant may move for judgment of dismissal, and the court may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case. The defendant may offer evidence in the event the motion is not granted, without having reserved the right to do so and to the same extent as if the motion had not been made."

defendant and conclude that, under the facts of the present case, the trial court properly rendered summary judgment in the defendant's favor because the judgment of dismissal rendered in the prior action should be treated as a judgment on the merits[5] and, therefore, the principles of res judicata bar the present action.

The standard of review of a trial court's decision granting a motion for summary judgment is well settled and is not challenged in this case. Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact." *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430, 434, 429 A.2d 908 (1980). A trial court "must view the evidence in the light most favorable to the nonmoving party" when deciding a motion for summary judgment. *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates*, 219 Conn. 772, 780–81, 595 A.2d 334 (1991); *Remington* v. *Aetna Casualty & Surety Co.*, 35 Conn. App. 581, 583, 646 A.2d 266 (1994). "The test is whether a party would be entitled to a directed verdict on the same facts." *Batick* v. *Seymour*, 186 Conn. 632, 647, 443 A.2d 471 (1982).

Before turning to the plaintiff's claim that a judgment of dismissal rendered pursuant to § 302 for failure to make out a prima facie case is not a judgment on the

---

[5] The failure to make out a prima facie case is not necessarily the same as finding the issues for the defendant; see *Morrow* v. *Atlanta & Charlotte Air Line Railway Co.*, 84 S.C. 224, 242, 66 S.E. 186 (1909); and, therefore, may not always be a decision on the merits, but yet be entitled to res judicata treatment. See *Southport Manor Convalescent Center, Inc.* v. *Foley*, 216 Conn. 11, 14, 578 A.2d 646 (1990); see also *Hughes* v. *Bemer*, 206 Conn. 491, 495, 538 A.2d 703 (1988).

merits for purposes of applying the doctrine of res judicata, it is necessary to briefly discuss the law of res judicata. "[T]he doctrine of res judicata, or claim preclusion, [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. *Cromwell* v. *County of Sac*, 94 U.S. 351, 352–53, 24 L. Ed. 195 (1876); 1 Restatement (Second), Judgments §§ 19, 25; James & Hazard, Civil Procedure (2d Ed.) § 11.3." *State* v. *Aillon*, 189 Conn. 416, 423–24, 456 A.2d 279, cert. denied, 464 U.S. 837, 104 S. Ct. 124, 78 L. Ed. 2d 122 (1983); *Delahunty* v. *Massachusetts Mutual Life Ins. Co.*, 236 Conn. 582, 589, 674 A.2d 1290 (1996).

"The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." *Delahunty* v. *Massachusetts Mutual Life Ins. Co.*, supra, 236 Conn. 589. In determining whether the judgment is on the same claim as an earlier action so as to trigger the operation of the doctrine of res judicata, our Supreme Court has adopted the transactional test which compares the complaint in the second action with the pleadings and the judgment in the earlier action. Id., 590. Furthermore, "the appropriate inquiry with respect to [claim] preclusion is whether the party had an *adequate opportunity* to litigate the matter in the earlier proceeding . . . ." (Emphasis in original; internal quotation marks omitted.) *Jackson* v. *R. G. Whipple, Inc.*, 225 Conn. 705, 717–18, 627 A.2d 374 (1993).

The doctrine of res judicata "should be applied as necessary to promote its underlying purposes. These purposes are generally identified as being '(1) to promote judicial economy by minimizing repetitive litiga-

tion; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose by preventing a person from being harassed by vexatious litigation.' *People* v. *Taylor*, 12 Cal. 3d 686, 695, 527 P.2d 622, 117 Cal. Rptr. 70 (1974); see generally Vestal, [Res Judicata/Preclusion (1969)] pp. 7–12; [18] Wright, Miller & Cooper, [Federal Practice and Procedure] § 4403. But by the same token, the internal needs of the judicial system do not outweigh its essential function in providing litigants a legal forum to redress their grievances." *State* v. *Ellis*, 197 Conn. 436, 465–66, 497 A.2d 974 (1985); see also *Gionfriddo* v. *Gartenhaus Cafe*, 15 Conn. App. 392, 401, 546 A.2d 284 (1988), aff'd, 211 Conn. 67, 557 A.2d 540 (1989).

The pivotal inquiry in this appeal, as framed by the pleadings, is to determine whether the judgment of dismissal rendered pursuant to § 302 in the prior action should be treated as a judgment rendered on the merits.[6] There is no statute or rule of practice that expressly determines whether a judgment of dismissal pursuant to § 302 operates as res judicata precluding subsequent litigation of the same cause of action. Therefore, the starting point of our analysis is a review of Connecticut case law regarding the conclusiveness of a judgment rendered as a result of a plaintiff's failure to make out a prima facie case.

Prior to 1978, our rules of practice permitted a court to render a judgment "as in case of a nonsuit" if a plaintiff failed to make out a prima facie case. Practice Book, 1963, § 278.[7] A motion for a judgment of dismissal

---

[6] The parties do not dispute that the mortgage at issue in this appeal was the subject of the former foreclosure action brought by the plaintiff against the defendant.

[7] Practice Book, 1963, § 278 provided: "———Nonsuit for Failure to Make Out a Prima Facie Case

"If, on the trial of any issue of fact in a civil action, the plaintiff has produced his evidence and rested his cause, the defendant may move for judgment as in case of nonsuit, and the court may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case"

for failure to make out a prima facie case pursuant to § 302 replaced the former motion for judgment as in case of nonsuit for failure to make out a prima facie case. Compare Practice Book § 302 with Practice Book, 1963, § 278; see *Lukas* v. *New Haven*, 184 Conn. 205, 210 n.3, 439 A.2d 949 (1981). Other sections of the Practice Book relating to disciplinary nonsuits, as opposed to evidentiary nonsuits, were renumbered in 1978, but retained the sanction and nomenclature of "nonsuit." See Practice Book, 1963, § 280 (now § 351); Practice Book, 1963, § 42 (now § 352). Thus, the changes in 1978 indicate that disciplinary nonsuits and what were formerly evidentiary nonsuits, that is those entered for failure to make out a prima facie case, were treated differently.[8]

Although a judgment as in case of nonsuit for failure to make out a prima facie case was established by Connecticut's judiciary as a rule of practice in 1963, the rule, in substance, was actually adopted from General Statutes § 52-210,[9] which has been in existence since 1852.[10] See Public Acts 1851–1859, c. IV, § 1. Prior to 1852, "[t]he involuntary nonsuit for insufficiency of evidence, was unknown to the common law practice of this State." *Cook* v. *Morris*, 66 Conn. 196, 210, 33 A. 994 (1895). The language of § 52-210 and § 278 was identical

---

[8] Unlike judgments by default, disciplinary nonsuits and disciplinary dismissals are not adjudications on the merits nor are they to be treated as such. See *Milgrim* v. *Deluca*, 195 Conn. 191, 487 A.2d 522 (1985).

[9] General Statutes § 52-210 provides: "Motion for nonsuit. If, on the trial of any issue of fact in a civil action, the plaintiff has produced his evidence and rested his cause, the defendant may move for judgment as in case of nonsuit, and the court may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case."

[10] This statute was first codified in General Statutes (1888 Rev.) § 1109 and provided: "When on the trial of any issue in fact, in a civil action, the plaintiff shall have produced his evidence and rested his cause, the defendant may move for judgment as in case of non-suit, and the court may grant such motion, if in its opinion the plaintiff shall have failed to make out a prima facie case."

until the judiciary supplanted § 278 with § 302 in 1978. The language of § 302 has remained the same since that date.

The language of § 302 differs from that of § 278 in two respects. First, pursuant to § 302, a "defendant may offer evidence in the event the motion is not granted, without having reserved the right to do so and to the same extent as if the motion had not been made." Section 278, however, contained no such provision for a defendant to offer evidence in the event the motion was not granted. Second, under § 278, after the plaintiff has produced his evidence and rested his cause, "the defendant may move for *judgment as in case of non-suit*, and the court may grant such motion . . . ." (Emphasis added.) Under § 302, after the plaintiff has produced his evidence and rested his cause, "the defendant may move for *judgment of dismissal*, and the court may grant such motion . . . ." (Emphasis added.)

For purposes of our analysis, it is the second distinction contrasting the use of the phrase "judgment as in case of nonsuit" in § 278 and the phrase "judgment of dismissal" in § 302 that is relevant. Black's Law Dictionary (6th Ed. 1990) defines "[n]onsuit" as "[a] term broadly applied to a variety of terminations of an action which do not adjudicate issues on the merits." "Dismissal," however, is a more expansive term and is defined as "[a]n order or judgment finally disposing of an action, suit, motion, etc., without trial of the issues involved." Id.

The cases that involve § 278 determine that the consequence of the failure to make out a prima facie case is a judgment as in case of nonsuit. These cases hold that the plaintiff may bring the same suit again because a nonsuit is not a judgment on the issues. *Lewis* v. *Scoville*, 94 Conn. 79, 90–91, 108 A. 501 (1919); *Cook* v.

*Morris,* supra, 66 Conn. 209. The definition, however, in the pre-1978 cases of "a prima facie case" remains the same as in the more recent cases.

"When [a motion for a judgment of dismissal for failure to make out a prima facie case] has been granted, the question is whether sufficient facts were proved to make out a prima facie case." *Hinchliffe* v. *American Motors Corp.,* 184 Conn. 607, 609, 440 A.2d 810 (1981). "A nonsuit for failure to prove a prima facie case *implicates the evidence.*" (Emphasis added.) *Del Vecchio* v. *Civil Service Commission,* 178 Conn. 490, 491, 423 A.2d 139 (1979). A plaintiff has failed to make out a prima facie case "when the evidence produced by the plaintiff, if fully believed, would not permit the trier in reason to find the essential issues on the complaint in favor of the plaintiff." *Minicozzi* v. *Atlantic Refining Co.,* 143 Conn. 226, 230, 120 A.2d 924 (1956); see also *Hinchliffe* v. *American Motors Corp.,* supra, 609. A court's decision to deny a motion for a judgment of dismissal at the close of the plaintiff's case for failure to make out a prima facie case is "not a conclusion that the plaintiff has sustained his burden of proof on the contested issues of his complaint." *Lukas* v. *New Haven,* supra, 184 Conn. 211. A court's decision to grant a motion for a judgment of dismissal for failure to make out a prima facie case is, however, a conclusion that a plaintiff has failed to sustain his burden of proof as to the allegations of his cause of action.

"A judgment on the merits is one which is based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction or form." *Fairmont Aluminum Co.* v. *Commissioner of Internal Revenue,* 222 F.2d 622, 625 (4th Cir. 1955); see also *Swift* v. *McPherson,* 232 U.S. 51, 56, 34 S. Ct. 239, 58 L. Ed. 499 (1914). "A decision with respect to the rights and liabilities of the parties is on the merits where it is based on the ultimate fact or state of facts disclosed

by the pleadings or evidence, or both, and on which the right of recovery depends." 46 Am. Jur. 2d 879, Judgments § 606 (1994).

The judgment of dismissal rendered in the prior action was based on the trial court's determination that the evidence produced revealed that the plaintiff *could not recover as a matter of law*. Upon the conclusion of the plaintiff's case in the prior action, the trial court found that the plaintiff failed to establish that consideration for the note and mortgage deed was given by the plaintiff's assignor, Connecticut Investment Company, Inc., to the defendant. The trial court also determined that the plaintiff failed to produce any evidence as to an appraisal of the mortgaged property or its current market value. Furthermore, the plaintiff did not present evidence of "any default of payment or of other terms of the note nor the amount of any alleged debt presently due and owing from the plaintiff to anyone who has an interest in [the] underlying note." The trial court concluded that the plaintiff, as the assignee, could acquire no more legal rights than those held by the original assignor and, therefore, the plaintiff's insufficiency of the evidence precluded him from foreclosing on the mortgage. Moreover, in its memorandum of decision, the trial court characterized the extent of the proceedings as a "trial of the issues." The plaintiff had an opportunity to present his case as though the trial would go to conclusion.

The prior action was not disposed of by way of a disciplinary nonsuit or a dismissal for failure to prosecute with due diligence, but, rather, the trial court rendered a judgment of dismissal after the plaintiff had an opportunity to give his case his "best shot." It is a judgment that is every bit as worthy of res judicata as is a judgment by default. See *Milgrim* v. *Deluca*, 195 Conn. 191, 196, 487 A.2d 522 (1985).

When the pleadings place the burden of proving any matter in issue on the plaintiff, he must " 'in the first instance, introduce all the evidence upon which he relies to establish his claim.' " *DiMaio* v. *Panico*, 115 Conn. 295, 298, 161 A. 238 (1932), quoting *Hathaway* v. *Hemingway*, 20 Conn. 191, 195 (1850). A plaintiff cannot present other evidence or more compelling evidence to sustain his burden of proof after he has rested, nor reserve better or more evidence for another trial by claiming that res judicata does not apply. A plaintiff's failure to make out the best case possible can lead to a judgment of dismissal for failure to make out a prima facie case. That failure should not be used as a shield to avoid the consequences of the application of the doctrine of res judicata.

We conclude that the change in nomenclature from "judgment as in case of nonsuit" to "judgment of dismissal" effectuated by the 1978 revision of the rules of practice is a substantive change that, in effect, causes a judgment of dismissal for failure to make out a prima facie case to be equated with a judgment on the merits for the purposes of res judicata.

Because the plaintiff's cause of action is the same cause of action brought against the same defendant in the former action, and because the judgment of dismissal rendered in the prior action was affirmed on appeal, and is a judgment that established that the plaintiff did not prove entitlement to recovery as a matter of law, we conclude that the trial court properly determined that the judgment of dismissal operates as res judicata, thereby, barring the present action and entitling the defendant to judgment as a matter of law.[11]

---

[11] We note that a similar result is reached under federal law. Under federal practice, a dismissal on the ground that a plaintiff's evidence is insufficient for recovery is with prejudice to a new action unless otherwise ordered by the judge. Fed. R. Civ. P. 41 (b).

The judgment is affirmed.