[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The plaintiff, David Schon, has brought this personal injury action against the defendants, Carl H. Berg, Jr., and the Town of East Windsor pursuant to General Statutes § 52-592 the accidental failure of suit statute. Nonsuit was granted in favor of the defendants in the plaintiff's original action due to the plaintiff's failure to comply with discovery. The defendants have moved for summary judgment on the grounds that (1) § 52-592 does not save the plaintiff's action because the plaintiff's conduct was egregious and (2) the plaintiff's action is barred by the doctrine of res judicata. The town argues in addition that the plaintiff has failed to bring this section action within one year of the determination of the original action as required by § 52-592.
 — I —
In the previous action, Judge Stengel ruled on December 2, 1999 that nonsuit would enter in favor of the town unless the plaintiff complied with discovery within fifteen days. Notice of the court's decision, however, was not issued until December 10, 1999. Thus, at the earliest, CT Page 7137 nonsuit would enter fifteen days from the notice of the court's decision, on December 25, 1999. See Gaddy v. Long Wharf DevelopmentAssociates, Superior Court, judicial district of New Haven, Docket No. 342364 (March 23, 1994, Fracasse, J.). Regardless of whether nonsuit automatically entered on December 25, 1999, or as a result of Judge Fineberg's subsequent grant of nonsuit, the sheriff's return reveals that the town was served in this action on December 18, 2000, within one year of the determination of the original action.
 — II —
Our Supreme Court held in Ruddock v. Burrows, 243 Conn. 569, 577,706 A.2d 967 (1998), that in order to claim the relief afforded by §52-592, a plaintiff must make a factual showing that the prior dismissal resulted from the plaintiff's mistake, inadvertence or excusable neglect. It is found that the plaintiff's divorce and subsequent change of residence and change of employment led inadvertently to his being unattainable by his counsel for purposes of answering discovery requests. It is also found that plaintiff's counsel meanwhile made good faith efforts to locate the plaintiff and promptly filed this action after doing so. The defendants offer no evidence to dispute these circumstances, and the procedural history of the original action does not reveal "serious misconduct or a series of cumulative transgressions" on the part of the plaintiff or plaintiff's counsel such as that which led the court in Gillum v. Yale University, 62 Conn. App. 775, 783 (2001), to hold that § 52-592 could not be utilized. It is concluded that the plaintiff was nonsuited due to inadvertence amounting to excusable neglect and not the result of egregious misconduct, and therefore the plaintiff is entitled to avail himself of the remedy afforded by § 52-592.
 — III —
Finally, it does not appear that the doctrine of res judicata applies to bar the present claims. Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. Linden CondominiumAssn., Inc. v. McKenna, 247 Conn. 575, 594 (1999). Unlike the judgments by default, however, disciplinary nonsuits and disciplinary dismissals are not adjudications on the merits nor are they to be treated as such.Rosenfield v. Cymbala, 43 Conn. App. 83, 89 n. 8 (1996).
For the foregoing reasons, the defendants' respective motions for summary judgment are denied.
Wagner, TJR. CT Page 7138