Ben F. GYADU, Plaintiff,

v.

HARTFORD INS. CO,
et al, Defendants.

No. CIVA3–02–CV–1615 (JCH).

United States District Court,
D. Connecticut.

Sept. 19, 2003.

Ben Gyadu, Waterbury, CT, for Plaintiff.

Raymond J. Plouffe, Jr., Bai, Pollock, Blueweiss & Mulcahey, Bridgeport, CT, Catherine L. Creager, Coles, Baldwin & Craft, Fairfield, CT, Paul T. Edwards, Andrew S. Wildstein, Danaher, Tedford, Lagnese & Neal, Hartford, CT, for Defendants.

## RULING ON: HARTFORD INSURANCE COMPANY OF ILLINOIS'S MOTION TO DISMISS [DKT. NO. 37] DAVID SOJA, D/B/A CRC SERVICES INC.'S MOTION TO DISMISS [DKT. NO. 18] PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 39]

HALL, District Judge.

Plaintiff Ben Gyadu ("Gyadu") brings this action against his former employer's insurance carrier, Hartford Insurance Company of Illinois ("Hartford"), and David Soja, d/b/a CRC Services Inc. ("Soja"). The plaintiff's lawsuit is the most recent of a series of virtually identical suits arising out of the same set of facts—the unfavorable resolution of his claim for workers' compensation for an injury that he received in 1996.[1]

---

**1.** Plaintiff has filed seven prior actions against the Hartford, including four federal suits. *Gyadu v. Hartford Ins. Co.*, Doc. No. 94–0122625 (Conn.Super.Ct.1998), *aff'd*, 744 A.2d 956, *cert. denied*, 755 A.2d 215 (Conn. 2000); *Gyadu v. Hartford Ins. Co.*, Doc. No. 96–cv–00658 (JBA/JCH), *aff'd*, 197 F.3d 590, 591 (2d Cir.1999); *Ben Gyadu v. Hartford Ins. Co.*, 96–cv–1755 (DJS) (D.Conn.1997), *aff'd*, 133 F.3d 907 (2d Cir.1998); *Gyadu v. Workers' Comp. Comm'n*, 96–cv–1559 (JBA) (D.Conn.2000); *Gyadu v. Hartford Ins. Co.*, CV 98–0149358S (Conn.Super.Ct.), *aff'd*, 744 A.2d 956, *cert. denied*, 755 A.2d 215 (Conn. 2000); *Gyadu v. Hartford Ins. Co.*, CV 01–0165944–S (Conn.Super.Ct.2001); *Gyadu v. Hartford Ins. Co. of Illinois*, CV 01–0166212–

S (Conn.Super.Ct.2001). In total, Gyadu has been a party to over twenty actions in this district alone. *See Gyadu v. Bella Vista Condo.*, No. 02–cv–75; *Gyadu v. Bella Vista Condo.*, No. 02–cv–27; *Gyadu v. O'Connell*, No. 02–cv–1271; *Gyadu v. Bella Vista Condo.*, No. 02–cv–75; *Gyadu v. Bella Vista Condo.*, No. 01–cv–1793; *Gyadu v. Bella Vista Condo.*, No. 01–mc–123; *Gyadu v. Bella Vista Condo.*, No. 01–cv–2282; *Bella Vista Condo. v. Gyadu*, No. 01–mc–366; *Gyadu v. Walsh*, No. 00–cv–1564; *Gyadu v. Frankl*, No. 98–cv–1120; *Gyadu v. Workers' Comp.*, No. 98–cv–0230; *Gyadu v. Workers' Comp.*, No. 97–cv–2118; *Gyadu v. Unemployment*, No. 96–cv–657; *Gyadu v. Workman's Comp.*, No. 96–cv–1543; *Gyadu v.*

Three dispositive motions are before the court. Defendants Hartford and Soja each move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. Gyadu moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.

For the following reasons, defendants' motions to dismiss are granted. Plaintiff's motion for summary judgment is denied.

## I. BACKGROUND [2]

### A. Procedural History

#### 1. Suits Against Hartford

The plaintiff originally brought his claims against the Hartford in September of 1994 in Connecticut Superior Court. Gyadu essentially alleged that the Hartford had not paid him workers' compensation benefits to which he claimed to be entitled. The trial court entered a judgment of nonsuit in June 1998 when Gyadu failed to proceed with jury selection and trial, and the Connecticut Appellate Court affirmed. *Gyadu v. Hartford Ins. Co.*, Doc. No. 94–0122625 (Conn.Super. Ct. June 16, 1998), *aff'd*, 744 A.2d 956, *cert. denied*, 755 A.2d 215 (Conn.2000).

In April 1996, while his state court suit against the Hartford was still pending, the plaintiff filed a virtually identical second action in the United States District Court for the District of Connecticut. *Gyadu v. Hartford Ins. Co.*, Doc. No. 96–cv–00658 (JBA/JCH). Gyadu's first federal suit arose out of the same set of alleged facts as his state court action and made substantially the same claims, alleging violations of the Connecticut Unfair Trade Practices

Act, "bad faith," violation of his right to sue (42 U.S.C. § 1981), discrimination, and privacy-based claims. The court dismissed Gyadu's initial and first amended complaints for lack of federal jurisdiction. This court considered his second and third amended complaints, again dismissing his claims for lack of jurisdiction, and entered judgment on July 2, 1998. The Second Circuit affirmed, and enjoined the plaintiff from further frivolous appellate activity. The panel noted:

> This appeal constitutes the seventh action Gyadu has instituted in this Court, not to mention numerous other motions. This Court finds that the current appeal is frivolous, failing to contain even the hint of legal basis. Having warned Gyadu on a prior occasion that future frivolous filings in this Court would result in an injunction against further filings … and in light of Gyadu's present action in this Court, it is hereby:
>
> ORDERED that Ben Gyadu must file in this Court within 20 days of the filing of a notice of appeal from a judgment rendered by a district court within this Circuit a motion for leave to take such appeal. Such motion shall indicate supporting grounds and all proceedings in this court relating to such appeal shall be stayed until such a motion is decided. If such a motion is not filed within 20 days, the appeal shall be dismissed. A copy of this order is to be appended to any notice of appeal. …
>
> ORDERED that Ben Gyadu is enjoined from filing applications for relief other than an appeal from a judgment rendered by a district court in this Circuit unless such application is accompanied by a motion for leave to file such appli-

*G & W Mgmt.*, No. 94–cv–2224; *Gyadu v. Workers' Comp.*, No. 96–cv–43; *Gyadu v. Workman's Comp.*, No. 96–cv–1560; *Gyadu v. City of Waterbury et al.*, No. 94–cv–1144.

**2.** The following synopsis is taken largely from the parties' moving papers and opinions from prior litigation that have considered the plaintiff's claims.

cation that state supporting grounds. All proceedings in this Court shall be stayed until such motion is decided. The clerk shall accept no papers that do not comply with this order.

197 F.3d 590, 591 (2d Cir.1999).

The plaintiff, however, had already filed several other actions while his prior suit was pending in front of this court. In October 1996, he filed another action in the U.S. District Court, alleging claims arising out of the same set of facts and making substantially the same claims. The district court dismissed the suit, and the Second Circuit affirmed. *Ben Gyadu v. Hartford Ins. Co.*, 96–cv–1755 (DJS) (D.Conn., April 22, 1997), *aff'd*, 133 F.3d 907 (2d Cir.1998). Gyadu brought another federal suit in June 1998, again based on the same set of facts and circumstances. This time, however, he sought to circumvent procedural barriers by filing against the Workers' Compensation Commission, and attempting to cite the Hartford as an additional defendant. The district court dismissed the complaint. *Gyadu v. Workers' Compensation Comm.*, 96–cv–1559 (JBA) (D.Conn. Jan. 2000).

Also in 1998, the plaintiff brought another suit against the Hartford in the Connecticut Superior Court. The complaint listed allegations substantially identical to the 1994 complaint submitted to the Superior Court, and the court dismissed the complaint under the prior pending action doctrine. The Appellate Court affirmed. *Gyadu v. Hartford Ins. Co.*, CV 98–0149358S (Ct.Super.Ct.), *aff'd*, 744 A.2d 956, *cert. denied*, 755 A.2d 215 (Conn.2000).

The plaintiff then brought two additional suits against Hartford in 2001. *Gyadu v. Hartford Ins. Co.*, CV 01–0165944–S (Ct.Super.Ct.2001); *Gyadu v. Hartford Ins. Co. of Illinois*, CV 01–0166212–S (Ct.Super.Ct.2001). Both were dismissed.

### 2. Suits Against Soja

Soja was a co-defendant in the plaintiffs' 1998 suit against Hartford. *Gyadu v. Hartford Ins. Co.*, CV 98–0149358S (Ct.Super.Ct.), *aff'd*, 744 A.2d 956, *cert. denied*, 755 A.2d 215 (Conn.2000). The suit was dismissed as to Soja for failure to plead in accordance with the orders of the court. Plaintiff appealed to the Connecticut Appellate Court; that appeal was dismissed, along with other appeals by the plaintiff, for repeated failure to comply with the rules of court. The Appellate Court further prohibited the plaintiff from filing papers or appearing before the court for a period of one year from October 13, 2000. *Id.*

Soja was also a defendant in Gyadu's Superior Court suit, filed on June 22, 2001. The case was dismissed as to both defendants. *Gyadu v. Hartford Ins. Co., et al.*, No. CV 01–0166212–S (Ct.Super.Ct., Sept. 16, 2001). The plaintiff did not appeal.

### 3. The Current Lawsuit

The plaintiff brought the instant action on September 12, 2002. The claims against both defendants are identical to claims raised in plaintiff's previous actions. Again, he alleges claims that include consequential damages for alleged violation of the Connecticut Workers' Compensation Act, damages for alleged CUTPA violations, conspiracy, violation of his right to sue, invasion of privacy, and libel. *See* Compl. [Dkt. No. 1].

## II. DEFENDANTS' MOTIONS TO DISMISS

Defendants Hartford and Soja have filed separate motions to dismiss the complaint for failure to state a claim on which relief can be granted. Fed.R.Civ.P. 12(b)(6). Hartford argues that the court lacks jurisdiction because both Hartford and Gyadu

are citizens of Connecticut. It also argues that plaintiff's claim is barred by the Rooker–Feldman doctrine, res judicata, and the three-year statute of limitations. Soja similarly contends that the court lacks personal jurisdiction over him, and that the plaintiff's claims are barred by the Rooker–Feldman doctrine, res judicata, and the applicable three-year statutes of limitations.

## A. Standard of Review

■■■ The court begins by noting that, "[s]ince most pro se plaintiffs lack familiarity with the formalities of pleading requirements, we must construe pro se complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel .... In order to justify dismissal of the plaintiff['s] pro se complaint, it must be beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lerman v. Bd. of Elections*, 232 F.3d 135, 139–140 (2d Cir.2000) (citations, footnote, and internal quotation marks omitted). *See also AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 71–72 (2d Cir.2003). The court must construe "pro se pleadings broadly, and interpret them 'to raise the strongest arguments that they suggest.'" *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir.2000). In evaluating the plaintiff's complaint, the court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in [the plaintiff's] favor." *Id.* at 596 (citations omitted).

## B. Subject Matter Jurisdiction (Hartford)

Hartford argues that since both it and the plaintiff are citizens of the state of Connecticut, there is no diversity between the parties and the court does not have jurisdiction over the plaintiff's claims. *See* 28 U.S.C. § 1332. The court agrees.

For purposes of diversity jurisdiction, a corporation is a citizen both of the state of its incorporation and the state where it maintains its principle place of business. *See* 28 U.S.C. § 1332(c)(1). This court and the Court of Appeals have previously determined that Hartford "has its principle place of business in Connecticut," and that Gyadu cannot maintain his state law claims against Hartford in federal court. *Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir.1999).

The plaintiff claims that the defendant in this suit, the Hartford Insurance Company *of Illinois*, is a different entity from The Hartford Insurance Company that he named as a defendant in previous actions. He further alleges that its principle place of business is in Illinois.

■■■ Gyadu's claim still fails to meet the requirements for diversity jurisdiction. The Hartford Insurance Company is the parent company of the Hartford Insurance Company of Illinois. Substituting the name of the subsidiary for that of the parent does not sever the Hartford's Connecticut citizenship. A subsidiary does not have a distinct principal place of business from its parent if it is merely an "alter ego" or agent of the parent corporation. Wright and Miller, *Federal Practice and Procedure* § 3625. The Hartford and its subsidiary maintain principle offices and conduct business in the state of Connecticut. Indeed, the annual statement of the Hartford Insurance Company of Illinois identifies its main administrative offices, mail address, telephone and fax number as located in Hartford, Connecticut. Because both the plaintiff and defendant Hartford are Connecticut citizens, there is no diversity of citizenship, and this court does not have jurisdiction over the plaintiff's action.

In fact, Gyadu first alleged claims against the "Hartford Insurance Company of Illinois" as an additional defendant in his 1998 state court actions. Recognizing that the two Hartfords are in fact the same entity, the Superior Court dismissed the claim under the prior pending action doctrine, and the appellate court affirmed. *Gyadu v. Hartford Ins. Co.*, CV 98–0149358S (Ct.Super.Ct.), *aff'd*, 744 A.2d 956, *cert. denied*, 755 A.2d 215 (Conn.2000).

This court previously determined that there was no diversity of citizenship between Gyadu and Hartford in *Gyadu v. Hartford Ins. Co.*, Doc. No. 96–cv–658 (JBA/JCH), *aff'd*, 197 F.3d 590, 591 (2d Cir.1999). Hartford is incorporated in Delaware, but, as discussed above, has its principle place of business in Connecticut. Thus there "is no diversity between Hartford and Gyadu, a Connecticut citizen." *Gyadu*, 197 F.3d at 591.

Because the court lacks subject matter jurisdiction over this action, Hartford's motion to dismiss [Dkt. No. 37] is granted.

## C. Personal Jurisdiction (Soja)

■ As a preliminary matter, defendant Soja argues that the court does not have personal jurisdiction over him because of defective service. Federal Rule of Civil Procedure 4(e) allows service according to "the laws of the state ... in which service is effected." Soja, a Massachusetts resident, was served by mail, and argues that such service did not confer personal jurisdiction on the court, because Connecticut law only authorizes service by mail in tandem with valid service upon the Secretary of State, pursuant to Connecticut General Statute section 52–59b.

Section 52–59b provides:
any non-resident individual ... over whom a court may exercise personal jurisdiction ... shall be deem to have appointed the Secretary of State as its attorney and to have agreed that any process in any civil action brought against the nonresident individual ... may be served upon the Secretary of State and shall have the same validity as if served upon the nonresident individual personally.

The statute further specifies that service upon the Secretary of State shall be done by leaving the process "with or at the office of the secretary ... and by sending to the defendant to his last known address, by registered or certified mail, postage prepaid, a[n] ... attested copy with an endorsement thereon of the service upon the secretary."

A service return from the United States Marshall Service, dated September 25, 2002, indicates that process was personally served on Soja, care of the Secretary of State, at 30 Trinity Street in Hartford. [Dkt. No. 32]. An additional service return indicates that process, which was received on September 23, 2002, was served on Soja's wife at an updated address, on October 9, 2002. [Dkt No. 34].

Soja does not specify in his motion exactly how the service of October 9, 2002 was defective, or why this court lacks personal jurisdiction over him. Because process was served on both the Secretary of State and Soja, the court finds that service was proper.

■ Moreover, Soja has sufficient contacts with Connecticut for the court to exercise personal jurisdiction over him. A federal court's jurisdiction over an out-of-state defendant in a diversity action is governed by the law of state in which the court sits. *DiStefano v. Carozzi North America, Inc.*, 286 F.3d 81, 84 (2d Cir. 2001); *see also Arrowsmith v. United Press International*, 320 F.2d 219 (2d Cir. 1963) (holding that allowing service according to "manner prescribed by the law of

the state in which the service is made" does not "displace state statutes as to the taking of jurisdiction" in ordinary diversity actions). When responding to a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant. *DiStefano,* 286 F.3d at 84 (citing *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 784 (2d Cir.1999)).

Connecticut's "long-arm" statute, Conn. Gen.Stat. § 52–59b, provides for jurisdiction over a non-resident who transacts any business within the state, commits a tortious act within the state, or commits a tortious act outside the state causing injury to person or property within the state, as long as the non-resident:

> (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

The statute also provides for jurisdiction over non-residents who own property in the state.

Though plaintiff's response to Soja's motion to dismiss does not address, as required, the basis for asserting personal jurisdiction over Soja, the general allegations of plaintiff's pro se complaint suggest that the plaintiff's claim arises from an interaction with Soja that took place in the state of Connecticut. Gyadu alleges that Soja was Hartford's "rehabilitation agent,"

and the incidents from which this claim arose allegedly occurred in Connecticut. These facts provide sufficient grounds for the court to exercise personal jurisdiction over Soja. The court denies Soja's motion to dismiss on this ground without prejudice to renew upon presentation of further facts and legal argument.

### D. Res Judicata (Soja)

Defendant Soja contends that Gyadu's claims against him are barred by res judicata. This is plaintiff's third action against Soja, alleging claims identical to those raised in previous actions.

■■■ Connecticut rules of res judicata govern the preclusive effect of Connecticut state court judgments. *Fayer v. Town of Middlebury,* 258 F.3d 117 (2d Cir.2001). The appropriate inquiry with respect to claim preclusion is "whether the party had an *adequate opportunity* to litigate the matter in the earlier proceeding." *Rosenfield v. Cymbala,* 43 Conn.App. 83, 681 A.2d 999, 1002 (1996) (quoting *Jackson v. R.G. Whipple, Inc.,* 627 A.2d 374 (Conn. 1993)). Gyadu's complaint in this action is essentially identical to the complaint he filed in Waterbury Superior Court in 1998 (CV98–0149358–S), in which the court ordered a judgment of nonsuit because of Gyadu's failure to revise his complaint in accordance with the defendant's request to revise. A judgment entered for failure to revise pleadings according to the orders of the court operates as a default judgment, which prevents relitigation of the case. *Milgrim v. Deluca,* 195 Conn. 191, 487 A.2d 522, 526 (1985).[3]

---

**3.** Moreover, even if the plaintiff's action against Sojo was not barred by res judicata, this court would still be unable to entertain his claims. Gyadu has filed a complaint that is essentially identical to the one in the 1998 state court action, which was dismissed for

failure to revise in accordance with the orders of the court. The state court has already determined that those allegations against Sojo fail to state a claim under Connecticut law; as a result, Gyadu's suit essentially asks this court to revisit the state court's conclusion,

Defendant Soja's motion to dismiss [Dkt. No. 18] is granted.

## III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

■ Gyadu moves for summary judgment. In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir.2002). Plaintiff has failed to do so. Because the court has determined that it does not have jurisdiction over this action as to the Hartford, plaintiff's motion for summary judgment as to the Hartford is denied as moot. As to the motion for summary judgment against Soja, it is denied. The plaintiff has failed to comply with Rule 56 or local Rule 56.1.[4]

## IV. PLAINTIFF'S MOTIONS FOR SANCTIONS

The plaintiff also seeks sanctions against counsel for both defendants. [Dkt. Nos. 30, 46]. Those motions are entirely without merit and are therefore denied. The court further notes that, if anything, sanctions against the *plaintiff* might well be justified. The defendants did not make such a motion, however, nor does the court intend its remarks to invite one.

## V. CONCLUSION

Defendant Hartford's Motion to Dismiss [Dkt. No. 37] is GRANTED. Defendant Soja's Motion to Dismiss [Dkt No. 18] is GRANTED. Plaintiff's Motion for Summary Judgment [Dkt. No. 39] is DENIED. Plaintiff's motions for sanctions are also denied. [Dkt Nos. 30, 46].

**SO ORDERED.**

---

which it cannot do. *See Santini v. Conn. Hazardous Waste Mgmt.*, 342 F.3d 118, 125–26 (2d. Cir.2003) (explaining that "the essence of the Rooker–Feldman doctrine is that inferior federal courts have no subject matter jurisdiction over cases that effectively seek review of judgments of state courts").

4. The plaintiff moved to strike Hartford's objection to his motion for summary judgment. [Dkt. No. 49]. That motion to strike is denied.