**Ben GYADU**

v.

**WORKERS' COMPENSATION COMMISSION, and Hartford Insurance, Co.**

**No. 3:96CV1559 JBA.**

United States District Court, D. Connecticut.

March 30, 1999.

Ben F. Gyadu, Waterbury, CT, plaintiff pro se.

Donna J. Hixon–Smith, Attorney General's Office Collections, Hartford, CT, for Worker's Compensation Commission, defendant.

Paul E. Pollock, Raymond J. Plouffe, Jr., Kevin S. Coyne, Bai, Pollock & Coyne, Bridgeport, CT, Andrew S. Turret, Schatz & Nobel, Hartford, CT, for Hartford Ins. Co. of Illinois, defendant.

## RULING ON WORKERS' COMPENSATION COMMISSION'S MOTION TO DISMISS [DOC. # 21]

ARTERTON, District Judge.

The Defendant, the State of Connecticut Workers' Compensation Commission ("Commission"), moves to dismiss this action for want of subject matter jurisdiction on numerous grounds. After careful review of Mr. Gyadu's *pro se* complaint, the Defendant Commission's Motion to Dismiss [doc. # 21] is GRANTED.

### I. Review of Plaintiff's Complaint

In the complaint, Mr. Gyadu alleges that in considering his claim for workers' compensation benefits for injuries sustained in 1986, and his ensuing challenges to its decisions, the Commission ˜acted individu-

ally and in concert with the Hartford Insurance Company: 1) to violate his due process rights under the Fourteenth Amendment, 2) to discriminate against him based upon his race and national origin in violation of his right to equal protection of the law under the Fourteenth Amendment, 3) to retaliate against him in violation of his right to sue, and 4) failed to enforce relevant state law and procedures against the Hartford Insurance Company, all in violation of the United States Constitution, 42 U.S.C. §§ 1981, 1983 and 1985 and various provisions of the Connecticut Workers' Compensation Act, Conn.Gen. Stat. §§ 31–275, *et. seq.* Lastly, plaintiff challenges the constitutionality of the exclusivity provision of the Connecticut Workers' Compensation Act.

Mr. Gyadu seeks the following relief: 1) a temporary restraining order requiring the defendants to provide the plaintiff with weekly income during the pendency of his appeal pursuant to Conn.Gen.Stat. § 31–301(f); 2) a permanent restraining order directing the defendants to refrain from the alleged unlawful acts which have deprived plaintiff of his weekly benefits in violation of his civil rights; 3) declaratory judgment that the exclusivity provisions of the Connecticut Workers' Compensation Act is unconstitutional; and (4) award any further relief deemed proper. (Compl. at 10).

## II. Prior litigation involving same claims

Although Mr. Gyadu appears in this action *pro se,* he has challenged his workers compensation award previously in both state and federal courts. Excluding this complaint, Mr. Gyadu has already unsuccessfully litigated and appealed five federal lawsuits and one state lawsuit against the Commission on various claims arising from its disposition of plaintiff's claim for benefits, including denial and due process, equal protection, retaliation for exercising his right to file a lawsuit and unfair treatment during he course of his claim under

state law. To assess what has previously been decided, the Court reviews the holdings in these prior cases.

First, Mr. Gyadu filed an action "claiming various damages attributed to the defendant's allegedly arbitrary and capricious handling of the plaintiff's claim" in Connecticut Superior Court, which was dismissed for failure to exhaust the administrative remedies provided under the Workers' Compensation Act. *See Gyadu v. Chairman, Workers' Compensation Comm'n,* No. 122258, 1994 WL 711199 (Conn.Super.Ct. Dec.9, 1994). Then, Mr. Gyadu filed a suit in United States District Court for the District of Connecticut which was also dismissed. *See Gyadu v. Workers' Compensation Comm'n, et. al.,* 930 F.Supp. 738 (D.Conn.1996) (Goettel, J.), *aff'd* 129 F.3d 113 (2d Cir.1997), *cert. denied,* —— U.S. ——, 119 S.Ct. 49, 142 L.Ed.2d 38 (1998) (abstaining as to equitable remedies under *Burford* doctrine and finding Eleventh Amendment bar to plaintiff's action against the Workers' Compensation Commission, a state agency). Thereafter, Mr. Gyadu filed at least three similar cases against the Commission in the District of Connecticut, all of which have been dismissed on various grounds. *See Gyadu v. Workers' Compensation Comm'n, et. al.,* No. 3:96cv1543 (D.Conn. 1997) (Squatrito, J.), *aff'd* 159 F.3d 1346 (2nd Cir.1998) (finding district court lacked jurisdiction to review state law claims under *Rooker/Feldman* doctrine and dismissing Fourteenth Amendment claim on res judicata and collateral estoppel grounds and retaliation claim as wholly conclusory); *Gyadu v. Workers' Compensation Comm'n,* Civil Action No. 96cv1560 (D.Conn.1996) (Arterton, J.) (dismissing for plaintiff's failure to prosecute); *Gyadu v. Workers' Compensation Comm'n,* No. 98cv230, (D.Conn.1998) (Squatrito, J.), *aff'd* 173 F.3d 844, 1999 WL 132213 (2d Cir.1999) (dismissing plaintiff's §§ 1981, 1983, 1985 claims finding state agency is immune); *Gyadu v. Workers' Compensation Comm'n,* No. 97cv2118, (D.Conn.1998)

(Dorsey, J.) (dismissing complaint for equitable relief for failure to name a state official and in the alternative on *Burford* abstention grounds), *appeal docketed*, No. ____ (2nd Cir. July 10, 1998).

In addition, this lawsuit represents Mr. Gyadu's third federal lawsuit against the Hartford Insurance Company, his former employer's workers' compensation carrier, arising from its involvement in Mr. Gyadu's workers' compensation award. *See Gyadu v. Hartford Ins. Co.*, No. 96cv1755 (D.Conn.1997) (Squatrito, J.), *aff'd* 133 F.3d 907 (2d Cir.1998) (dismissing case under "prior pending action doctrine" where plaintiff could raise all causes of action by filing amended complaint in first action); *Gyadu v. Hartford Ins. Co.*, No. 96cv658 (D.Conn.1998) (Hall, J.) (dismissing for lack of subject matter·jurisdiction), *appeal docketed*, No. 98–9585 (2nd Cir. Jan 27, 1999).

### III. Standard for Motion to Dismiss

A motion to dismiss is properly granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. A motion to dismiss must be decided on the facts alleged in the complaint. All facts alleged in the complaint are presumed to be true and considered in the light most favorable to the non-movant. As a *pro se* litigant, Mr. Gyadu's complaint is afforded special leniency. *See Branham v. Meachum*, 77 F.3d 626, 629 (2d Cir. 1996).

### IV. Discussion

 After carefully reviewing Mr. Gyadu's complaint, the Court finds several grounds on which this complaint must be dismissed. First, to the extent the complaint may be construed as a request for money damages from the state for past injury, the Eleventh Amendment precludes this Court from imposing such an award against the state or one of its agencies. *See Gyadu v. Workers' Compensation Comm'n*, 129 F.3d 113 (2d Cir.1997)

("Eleventh Amendment bars this court from hearing Gyadu's action against the Workers' Compensation Commission, a state agency"). Insofar as Mr. Gyadu seeks prospective injunctive relief against the state, the Court cannot direct or even consider such relief against the state or even one of its agencies given plaintiff's failure to name any state official. *See Santiago v. NYS Dept. of Correctional Services*, 945 F.2d 25, 32 (2d Cir.1991), *cert. denied*, 502 U.S. 1094, 112 S.Ct. 1168, 117 L.Ed.2d 414 (1992).

Although the Court might generally be inclined to allow a *pro se* plaintiff the opportunity to amend his complaint to name individual state defendants, such as the Commissioner, *see e.g. Soto v. Brooklyn Correctional Facility*, 80 F.3d 34 (2d Cir.1996) (finding pro se Section 1983 plaintiff's failure to name individual defendant's could be characterized as mistake for purposes of Fed.R.Civ.P. 15(c)(3)), Mr. Gyadu has never attempted to amend this complaint even though at least two of his prior cases involving the identical claims arising from events surrounding his claim for workers' compensation, have already been dismissed for failure to name individual defendants, *see Gyadu v. Workers' Compensation Comm'n, et. al.*, 930 F.Supp. 738 (D.Conn.1996) (Goettel, J.), 129 F.3d 113 (2d Cir.1997); *Gyadu v. Workers' Compensation Comm'n*, No. 97cv2118, (D.Conn.1998) (Dorsey, J.), *appeal docketed*, No. ____ (2nd Cir. July 10, 1998) Given the complaint's failure to properly name any individual state official, the Court lacks jurisdiction to consider the complaint to the extent it requests money damages for past wrongs and requires prospective action by a state agency.

 Even if Mr. Gyadu's request for money damages and/or equitable relief were not barred by the Eleventh Amendment and *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) respectively, the complaint must be dismissed on other grounds. To the extent the complaint seeks to review the Commission's compli-

ance with state law, the Court lacks subject matter jurisdiction pursuant to the "*Rooker/Feldman* doctrine, because the Connecticut state court has already ruled on Gyadu's state law claims. *See Gyadu v. Chairman, Workers Compensation Comm'n*, No. 122258, 1994 WL 711199 (Conn.Super. Dec.9, 1994)." *Gyadu v. Workers' Compensation Comm'n*, 159 F.3d 1346 (2nd Cir.1998).

■ With respect to Mr. Gyadu's federal claims, the Court finds that he is precluded from raising them in this action on res judicata and collateral estoppel grounds. As the Second Circuit has noted "Gyadu's Fourteenth Amendment claim [raising due process claims and challenging the exclusivity provision of the workers' compensation act] was raised and dismissed in an earlier federal case, *see Gyadu v. Workers' Compensation Comm'n*, 930 F.Supp. 738, 752–53 (D.Conn.1996) *aff'd* 129 F.3d 113 (2d Cir. 1997)." *Gyadu v. Workers' Compensation Commission*, 159 F.3d 1346 (2d Cir.1998). Furthermore, after close comparison of this complaint with the one dismissed in *Gyadu v. Workers' Compensation Comm'n*, 159 F.3d 1346 (2d Cir.1998), it is clear that plaintiff's current complaint seeks to relitigate the identical federal claims already considered and found to lack merit by the Second Circuit.

For instance, in *Gyadu v. Compensation Comm'n*, 159 F.3d 1346 (2d Cir.1998), the Second Circuit found that "Gyadu's federal claims, which included claims of constitutional violations due to termination and calculation of benefits, alleged racial discrimination and retaliation, are likewise unavailing." The Court found "Gyadu's claim of retaliation to be 'wholly conclusory' " and therefore properly dismissed and "considered Gyadu's remaining claims and f[ou]nd them to be without merit." *Id.* The only difference between this complaint and the one dismissed in *Gyadu v. Workers' Compensation Comm'n*, No. 3:96cv1543 (D.Conn.1997) (Squatrito, J.), *aff'd* 159 F.3d 1346 (2d Cir.1998), is that

the one dismissed did not specifically reference Section 1985(3), but instead stated "the commissioner's collaboration with the insurance carrier to find ways and means to deny plaintiff the benefits due him." Compl. at p. 2(v) (doc. # 2). (*Compare with* Compl. B. at 8 (explicitly stating conspiracy to deprive plaintiff of benefits due under Section 1985)). Plaintiff also contends that this action differs from his prior actions in that he previously did not seek injunctive relief. However, a review of the previous actions indicates that claim for injunctive relief has not only been raised but previously dismissed by at least two courts. *See Gyadu v. Workers' Compensation Comm'n*, 930 F.Supp. 738, 745 (D.Conn.1996) *aff'd.* 129 F.3d 113 (1997); *Gyadu v. Workers' Compensation Comm'n*, No. 97cv2118, (D.Conn.1998) (Dorsey, J.). Therefore, since Mr. Gyadu's current complaint reiterates, albeit in slightly altered prose, the identical factual allegations and federal claims asserted in prior actions, this Court finds plaintiff's claims to be barred on res judicata and collateral estoppel grounds. The Court is bound by the prior decisions of the district court and Second Circuit finding these claims to be properly dismissed.

## V. Commission's Other Grounds for Dismissal

The Commission also contends that this case must be dismissed for plaintiff's 1) failure to allege facts to support its claims under 42 U.S.C. § 1983, 1981 and 1985, 2) failure to exhaust administrative remedies, and 3) on the grounds that *Burford* and *Younger* abstention is appropriate. Since the Court finds this action is barred by the Eleventh Amendment and on res judicata and collateral estoppel grounds, it need not consider these alternate bases for dismissal.

## VI. Conclusion

For the foregoing reasons, the Workers' Compensation Commission's Motion to Dismiss (doc. # 21) is GRANTED. Fur-

276

ther, Mr. Gyadu is cautioned, in light of his repeated efforts to relitigate decided matters, that he as a unrepresented party is subject to the strictures of Fed.R.Civ.P. 11 and that sanctions may be imposed on him if any future litigation against the Workers' Compensation Commission violates the provisions of Rule 11(b)(1) through (4).

IT IS SO ORDERED.