**Ben GYADU, Plaintiff,**

v.

**Jesse FRANKL, Individually Robin W. Waller, Individually John A. Mastropieto, Individually.**

**No. 3:98–CV–1120(WWE).**

United States District Court,
D. Connecticut.

July 23, 1999.

Ben F. Gyadu, Waterbury, CT, Pro se.

Donna J. Hixon–Smith, Attorney General's Office, Hartford, CT, for Defendants.

## RULING ON DEFENDANTS' MOTIONS TO DISMISS

EGINTON, Senior District Judge.

### INTRODUCTION

This action arises out of plaintiff Ben Gyadu's claims for workers compensation benefits, which are still pending in the state legal system. This is the sixth suit filed by plaintiff against the Worker's Compensation Commission and/or its commissioners. The case filed at the trial level in the state court was dismissed, as were the four federal cases. Dismissals of three of the federal cases appealed from were affirmed by the United States Court of Appeals for the Second Circuit. The fourth federal case, the first one filed, ("Gyadu I"), was not only dismissed and affirmed on the appellate level, but also a writ of certiorari was denied by the Supreme Court.

Defendants now move, pursuant to 28 U.S.C. Section 1915, to dismiss this complaint, based on the allegedly duplicative, vexatious and frivolous nature of this litigation, and the doctrines of *res judicata*, collateral estoppel, *Rooker–Feldman* abstention and failure to state a claim upon which relief may be granted.

### STATEMENT OF FACTS

The Statement of Facts is distilled from plaintiff's complaint and the parties' moving papers. The Court also takes judicial notice of the decisions of the state and federal court decisions in the prior lawsuits filed by plaintiff.

Plaintiff sustained an injury to his hand while at work in 1986. He elected to collect compensation benefits as provided by the Connecticut Workers' Compensation Act, Conn.Gen.Stat. §§ 31–275 *et seq.* This statutory scheme provides, *inter alios*, for payment of indemnity benefits to eligible injured workers, and a two-tiered appeal process after a trial-type hearing, first to a three commissioner panel termed the Compensation Review Board (the "Board") and, thereafter, to the state appellate court system. Conn.Gen.Stat. § 31–301.

Conn.Gen.Stat. § 31–308a provides for payment of benefits to injured employees, after payment of permanent partial disability, so long as the injury continues to cause a reduction in earning capacity compared to what the worker earned prior to his injury. Section 308a benefits are paid at a rate which the employee could make if he were working. These benefits are discretionary.

Plaintiff collected substantial permanent partial disability benefits from his employer. In January, 1996, a hearing was held at the employer's request to discontinue those benefits. The hearing was held before Commissioner Mastropietro, acting in his capacity as an administrative law judge. The Commissioner convinced the employer to continue making payments for a time, at a reduced rate.

A formal hearing (a trial) was begun in May, 1996, with the plaintiff present, on his right to continued 308a benefits. Defendant Commissioner Waller presided over this proceeding in his capacity of an administrative law judge.

After being rescheduled in July and August, the formal hearing continued in September, 1996, but the plaintiff did not appear. The hearing went on in his absence. The formal hearing before Commissioner Waller continued in April, 1997, and again plaintiff did not appear. Only after this third hearing was the record closed and the decision rendered. In this decision, plaintiff's employer was to pay section 308a benefits until May 20, 1996, as it had

already agreed to do before Commissioner Mastropietro. No further Section 308a benefits were to be paid after that date.

Plaintiff appealed the adverse decision to the Board. Chairman Frankl dismissed the appeal as untimely. Plaintiff next filed an appeal to the state appellate court, which proceeding is still pending.

## LEGAL ANALYSIS

### I. *Failure to Exhaust Administrative Remedies*

■ Plaintiff has appealed the denial of the decision as to the discontinuation of his 308a benefits. Plaintiff's appeal is still pending before the Appellate Court. For this Court to step in before that proceeding is completed would usurp the function of the entire Workers' Compensation statutory mandates. This the Court will not do. To the extent, then, that this complaint raises issues before the Appellate Court, plaintiff has not exhausted his administrative remedies and that portion of the complaint will be dismissed. *See Rourke v. Thompson,* 11 F.3d 47 (5th Cir.1993).

### II. *28 U.S.C. Section 1915*

In *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) the Supreme Court held that a complaint which is frivolous may be dismissed. Section 1915(e)(2) provides the same procedure for dismissal of cases filed *in forma pauperis,* as is the present complaint. The pertinent portion of that statute reads: "... the court shall dismiss the case at any time if the court determines that ... (B)(I) the action or appeal is frivolous ... (ii) fails to state a claim upon which relief may be granted."

■ A complaint is frivolous if the plaintiff can make no rational argument in law or fact which would entitle him to relief. *Neitzke,* 490 U.S. at 325, 109 S.Ct. 1827. *See also Tavarez v. Reno,* 54 F.3d 109 (2d Cir.1995). Dismissal under this rule is also proper when a dispositive de-

fense exists on the face of the complaint. *Pino v. Ryan,* 49 F.3d 51, 53 (2d Cir.1995).

The present complaint is frivolous within these precedents. In examining the factual and legal claims in plaintiff's complaint it is clear they meet the standards set forth by the Supreme Court in *Neitzke.* The Motions to Dismiss will be granted as to those claims, pursuant to 28 U.S.C. Section 1915(e)(2).

### III. *Qualified Immunity*

Many of the issues have been conclusively determined against the plaintiff in prior litigation; hence they are barred by the doctrine of collateral estoppel from being raised again simply by re-wording the allegations of the complaint. When applying Section 1915(e)(2), the Court may "pierce the veil of plaintiff's factual allegations and dismiss those claims whose factual contentions are clearly baseless", for example, "claims against which it is clear that the defendants are immune from suit." *Neitzke,* 490 U.S. at 327, 109 S.Ct. 1827.

■ Immunity clearly applies in the present case. Commissioners Waller and Mastropietro, along with Chairman Frankl, have such immunity, even in their individual status. By virtue of their status as public officials, they must be able to do their jobs in good faith without fear of being liable for damages each time they make a decision in behalf of the state. Defendants are clothed with qualified immunity in civil actions. *Harlow v. Fitzgerald,* 457 U.S. 800, 802, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

In *Harlow,* the Supreme Court set forth the parameters of such qualified immunity. Individuals are qualifiedly immune insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Id.* at 818, 102 S.Ct. 2727. In order for the immunity to be available, the public official must have acted under an objectively reasonable belief that his actions were lawful. *Gomez v. Toledo,* 446

 

U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Eng v. Coughlin,* 858 F.2d 889, 895 (2d Cir.1988). This rule was applied by Judge Goettel in *Gyadu I* when he dismissed the complaint against Commissioner Mastropietro. Similarly, the claims against Chairman Frankl and Commissioner Waller should be dismissed on the grounds of qualified immunity. Each had objectively reasonable beliefs that their conduct, in exercising their discretionary judicial judgment and awarding or denying benefits, was done without running afoul of any law or abridging any known constitutional right.

In the present case, the alleged constitutional rights have no factual or legal basis. Plaintiff bases these "constitutional rights" on theories which do not exist, such as the right to be paid discretionary workers' compensation benefits at a particular rate; the right to a particular outcome at administrative hearings; the right to have hearings held on a particular date; and the right to have the Worker's Compensation Chairman create a statutory exception for reconsideration and automatic reversal of discretionary decisions adverse to the plaintiff. Plaintiff has no constitutional right to the claimed remedies. Thus, as to those remedies, the defendants enjoy qualified immunity.

The motions to dismiss will be granted, on grounds of qualified immunity, as to the allegations of violations of 42 U.S.C. Sections 1981, 1983 and 1985.

## IV. *Federal Rule of Civil Procedure 12(b)(6)*

This subsection of Fed.R.Civ.P. 12 permits dismissal of a case where, even construing the allegations of the complaint in plaintiff's favor, it is clear that plaintiff is attempting to state a claim as to which no relief can be granted. It is clear that the prior five dismissals of what was, in each instance, essentially the same complaint as is now presented to this Court establish sufficient authority to hold that this present attempt to set forth identical claims in constitutional garb fails to state claims upon which relief may be granted.

## CONCLUSION

For the reasons set forth herein, the Motions to Dismiss [Docs. No. 15 and 54] are GRANTED and the case is DISMISSED WITH PREJUDICE.

The Clerk is directed to close this case.

SO ORDERED.