**Ben F. GYADU, Plaintiff–Appellant,**

**v.**

**HARTFORD INSURANCE COMPANY, Defendant–Appellee.**

**Docket No. 98–9585**

United States Court of Appeals, Second Circuit.

Argued: Nov. 12, 1999

Decided: Dec. 10, 1999

Ben F. Gyadu, Pro Se, Waterbury, CT.

Kevin S. Coyne, Bridgeport, CT (Bai, Pollock & Coyne, P.C., Bridgeport, CT, of counsel), for Defendant–Appellee.

Before: McLAUGHLIN, PARKER, and SOTOMAYOR, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Ben Gyadu ("Gyadu") appeals from the Order of the United States District Court for the District of Connecticut dismissing his complaint. For the reasons set out below, we affirm the ruling of the district court and enjoin Gyadu from filing future actions in this Court except as provided by the procedures described herein.

Gyadu is a frequent litigant before this court and the district court.[1] On April 9,

---

1. *See, e.g., Gyadu v. Workers' Compensation Comm'n,* 173 F.3d 844, 1999 WL 220106, at *1 (2d Cir.1999); *Gyadu v. Workers' Compen-* *sation Comm'n,* 173 F.3d 844, 1999 WL 132213, at *1 (2d Cir.1999); *Gyadu v. Unemployment Compensation,* 173 F.3d 844, 1999

1999, this Court warned Gyadu that "pursuit of duplicative and vexatious litigation against appellee and related parties can result in the imposition of sanctions, which may include enjoining appellant from filing appeals in this Court absent prior permission of this Court." *See Gyadu v. Workers' Compensation Comm'n,* 173 F.3d 844, 1999 WL 220106, at *1 (2d Cir.1999) (citing *In re Martin–Trigona,* 9 F.3d 226, 227 (2d Cir.1993)). Gyadu filed a notice of appeal in the present case on July 21, 1998.

■ In this appeal, Gyadu argues that the district court erred in dismissing his complaint for lack of subject matter jurisdiction. Because the defendant-appellee in this case, Hartford Insurance Company, is incorporated under the laws of Delaware, but has its principal place of business in Connecticut, the district court properly found that there is no diversity of citizenship between Hartford and Gyadu, a Connecticut citizen, and therefore no basis for diversity jurisdiction. *See* 28 U.S.C. § 1332.

■ Gyadu also argues that the district court erred in determining that there was no "state action" by defendant, as is necessary for a claim under 42 U.S.C. § 1983 claim. Gyadu basically argues on appeal that, because he was denied benefits, there must have been coordinated activity between the Worker's Compensation Commission and defendant. However, Gyadu cannot point to any specific evidence of communications between the two entities or that they shared policies or procedures. Because Gyadu has failed to make any definite allegations of state action, federal jurisdiction cannot be grounded on this federal question. *See* 28 U.S.C. § 1331.

■ Gyadu also argues that federal jurisdiction is proper under 42 U.S.C. § 1981

and 42 U.S.C. § 1985(3). Gyadu makes no specific allegations in support of either claim. He only vaguely refers to some "conspiracy" and hints at some tenuous link between this "conspiracy" and the fact that he is black. As this Court has previously held, however, a "complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Sommer v. Dixon,* 709 F.2d 173, 175 (2d Cir.1983). Accordingly, Gyadu has not raised a federal question under either Section 1981 or § 1985(3). Because there is no basis for federal jurisdiction over this case, we affirm the decision of the district court.

■ This appeal constitutes the seventh action Gyadu has instituted in this Court, not to mention numerous other motions. This Court finds that the current appeal is frivolous, failing to contain even the hint of legal basis. Having warned Gyadu on a prior occasion that future frivolous filings in this Court would result in an injunction against further filings, see *Gyadu,* 173 F.3d 844, 1999 WL 220106, at *1, and in light of Gyadu's present action in this Court, it is hereby:

ORDERED that Ben Gyadu must file in this Court within 20 days of the filing of a notice of appeal from a judgment rendered by a district court within this Circuit a motion for leave to take such appeal. Such motion shall indicate supporting grounds and all proceedings in this court relating to such appeal shall be stayed until such a motion is decided. If such a motion is not filed within 20 days, the appeal shall be dismissed. A copy of this order is to be appended to any notice of appeal. This order shall not apply to any appeal currently pend-

WL 132179, at *1 (2d Cir.1999); *Gyadu v. Workers' Compensation Comm'n,* 159 F.3d 1346, 1998 WL 487015, at *1 (2d Cir.1998); *Gyadu v. Hartford Ins. Co.,* 133 F.3d 907, 1998 WL 30470, at *1 (2d Cir.1998); *Gyadu v. Workers' Compensation Comm'n,* 129 F.3d 113, 1997 WL 716128, at *1 (2d Cir.1997);

*Gyadu v. Frankl,* 62 F.Supp.2d 590 (D.Conn. 1999), *appeal filed* No. 99–9058 (2d Cir. Sept. 14, 1999); *Gyadu v. Workers' Compensation Comm'n,* 47 F.Supp.2d 272 (D.Conn.1999); *Gyadu v. Workers' Compensation Comm'n,* 930 F.Supp. 738 (D.Conn.1996).

ing in this Court, including, but not limited to, *Gyadu v. Frankl*, Docket No. 99–9058, or an appeal from a judgment rendered against Ben Gyadu as a defendant or adjudicating him in contempt;

ORDERED that Ben Gyadu is enjoined from filing applications for relief other than an appeal from a judgment rendered by a district court in this Circuit unless such application is accompanied by a motion for leave to file such application that state supporting grounds. All proceedings in this Court shall be stayed until such motion is decided. The clerk shall accept no papers that do not comply with this order; and it is further

ORDERED that nothing herein shall apply to petitions for rehearing of the present decision by this panel or by the Court in banc or shall be construed to limit Ben Gyadu's access to the Supreme Court of the United States on any matter.

We believe this procedure protects the parties and this Court from frivolous litigation, while still preserving Gyadu's right of access to the courts.

For the reasons stated above, the decision of the district court is AFFIRMED.