Neil **FARBSTEIN**, Plaintiff–Appellant,

v.

**HICKSVILLE PUBLIC LIBRARY,**
Defendant–Appellee.

No. 06–0907–cv.

United States Court of Appeals,
Second Circuit.

Nov. 15, 2007.

Neil Farbstein, pro se.

Scott B. Fisher, Jaspan Schlesinger Hoffman LLP, Garden City, NY, for Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. REENA RAGGI, Circuit Judges and Hon. JED S. RAKOFF, District Judge.[1]

## SUMMARY ORDER

*Pro se* plaintiff Neil Farbstein appeals the dismissal of his amended complaint charging defendant Hicksville Public Library ("Library") with conspiring to deprive him of his civil rights in violation of 42 U.S.C. §§ 1985(3), 1986.[2] We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

We review *de novo* a judgment of dismissal pursuant to Fed.R.Civ.P. 12(b)(6), accepting the complaint's allegations as true and drawing all reasonable inferences in the plaintiff's favor. See, e.g., *ATSI Communications Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007). When a complaint is filed pro se, "we construe it broadly and interpret it to raise the strongest arguments it suggests." *Sharpe*

---

1. The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

2. Although plaintiff originally sued for violations of Titles II, III, VI, and IX of the Civil Rights Act of 1964, as well as 42 U.S.C. §§ 1981, 1985, and 1986, he does not here challenge the dismissal of any causes of action other than those based on §§ 1985 and 1986, nor does he appeal the denial of his motion to add a § 1983 claim. Accordingly, we deem any such arguments waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998).

*v. Conole,* 386 F.3d 482, 484 (2d Cir.2004). Although our review of a 12(b)(6) dismissal begins with "the facts alleged in the pleadings," we may also examine "documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken," *Samuels v. Air Transp. Local 504,* 992 F.2d 12, 15 (2d Cir.1993), which, in this case, we liberally construe to include the memorandum that Farbstein attached to his amended complaint.

To state a conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must allege "(1) a conspiracy, (2) for the purpose of depriving any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) whereby a person is injured in his person or property or deprived of a right or privilege of a citizen." *Iqbal v. Hasty,* 490 F.3d 143, 176 (2d Cir.2007). Further, the plaintiff must allege (5) that the conspiracy was motivated by some class-based animus. *Id.* Because Farbstein's § 1986 claim is necessarily predicated on his § 1985(3) claim, *see, e.g., Brown v. City of Oneonta, New York,* 221 F.3d 329, 341 (2d Cir.2000), we evaluate these claims together.

As the district court correctly concluded, Farbstein's complaint fails at the first step of analysis, *i.e.,* he fails to plead a conspiracy—or common agreement to violate the law—between two or more persons. To the extent he attempts to satisfy this re-quirement by reference to two or more Library employees, his effort necessarily fails for reasons stated in *Herrmann v. Moore,* 576 F.2d 453, 459 (2d Cir.1978) (noting legal impossibility of pleading conspiracy by exclusive reference to actions of employees of a single corporation). To the extent he references a Hicksville police officer and other libraries (not named as defendants) as non-corporate co-conspirators of the Library, Farbstein fails to allege a "factual basis supporting a meeting of the minds ... to achieve the [charged] unlawful end." *Webb v. Goord,* 340 F.3d 105, 110 (2d Cir.2003) (internal quotation marks omitted). Farbstein's "bare allegation of conspiracy supported only by an allegation of conduct that is readily explained as individual action" is insufficient to defeat the Library's motion to dismiss. *Iqbal v. Hasty,* 490 F.3d at 177; *see Gyadu v. Hartford Ins. Co.,* 197 F.3d 590, 591 (2d Cir.1999).

Accordingly, the judgment of dismissal is AFFIRMED.