10-3246-cv
Emmerling v. Town of Richmond

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of June, two thousand eleven.

PRESENT: DENNIS JACOBS,
                  <u>Chief Judge</u>,
       DEBRA ANN LIVINGSTON,
                  <u>Circuit Judge</u>,
       JED S. RAKOFF,[*]
                  <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - - -X

CRAIG J. EMMERLING,

    *<u>Plaintiff-Appellant</u>*,

    -v.-                          10-3246-cv

TOWN OF RICHMOND, RALPH ANGELO, individually and in his official capacity as TOWN BOARD SUPERVISOR, JOHN LUTHER, individually and in his

---

[*] The Honorable Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

1

**official capacity as TOWN BOARD MEMBER,
DOUGLAS DULEN,**

          *Defendants-Appellees.*[**]
- - - - - - - - - - - - - - - - - - - - -X


**FOR APPELLANT:**     Christina A. Agola
                       Rochester, NY

**FOR APPELLEES:**     Gerard E. O'Connor
                       Lippman O'Connor
                       Buffalo, NY


     Appeal from an judgment by the United States District Court for the Western District of New York (Siragusa, J.), denying Appellant's motion for leave to amend his complaint and granting Appellees' motions to dismiss the complaint.

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's judgment is **AFFIRMED**.

     Emmerling appeals the dismissal of his four claims: (1) substantive due process violation, (2) stigma-plus procedural due process violation, (3) selective enforcement equal protection violation, and (4) conspiracy to violate his constitutional rights.  He also appeals the denial of his motion for leave to amend his complaint.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

     We review <u>de novo</u> a district court's dismissal of a complaint under Federal Rule of Procedure 12(b)(6).  <u>Kiobel v. Royal Dutch Petroleum Co.</u>, 621 F.3d 111, 124 (2d Cir. 2010).  We review for abuse of discretion a district court's denial of a plaintiff's request for leave to amend a complaint. <u>Green v. Mattingly</u>, 585 F.3d 97, 104 (2d Cir. 2009).

---

          [**] The Clerk of Court is respectfully instructed to amend the official case caption as shown above.

"To establish a violation of substantive due process rights, a plaintiff must demonstrate that the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Okin v. Vill. of Cornwall-On-Hudson Police Dep't, 577 F.3d 415, 431 (2d Cir. 2009) (internal quotation marks omitted). Emmerling failed to allege any behavior by Appellees that could reasonably be considered egregious, outrageous, or conscience-shocking. We therefore affirm the district court's dismissal of his substantive due process claim.

To state a valid "stigma-plus" claim, a plaintiff must plausibly allege: (1) a defamatory statement; (2) "some tangible and material state-imposed burden in addition to the stigmatizing statement"; and (3) a lack of process adequate to justify the state's action. Velez v. Levy, 401 F.3d 75, 87-88 (2d Cir. 2005) (internal quotation marks and ellipsis omitted). To allege a defamatory statement, a plaintiff must allege a public statement injurious to the plaintiff that is capable of being proven false and that was false. Id. at 87. We agree with the district court that Emmerling failed to plausibly allege a defamatory statement or a lack of adequate process. We therefore affirm the dismissal of his stigma-plus claim.

To state a valid selective enforcement claim under the Equal Protection Clause, a plaintiff must plausibly allege: (1) He was treated differently than others similarly situated; and (2) The selective treatment was "based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 234 (2d Cir. 2004). This Circuit has not yet decided whether selective enforcement claims are still viable in the public employment context after Engquist v. Or. Dep't of Agric., 553 U.S. 591 (2008). We need not answer this question here, however, because we agree with the district court that Emmerling failed to plausibly allege that he was similarly situated to any of the individuals he points to as having received more favorable treatment. On this basis, we affirm the district court's dismissal of his selective enforcement claim.

3

To state a valid conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must, among other things, plausibly allege the existence of a conspiracy to deprive him of his constitutional rights.  A complaint containing "only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir. 1999) (per curiam).  We agree with the district court that Emmerling provided only vague and conclusory allegations of conspiracy and thereby failed to allege a plausible § 1985(3) claim.  We therefore affirm the district court's dismissal of Emmerling's conspiracy claim.

A district court may deny a plaintiff's request for leave to amend his complaint when it believes that such leave would be futile. Acito v. IMCERA Grp., Inc., 47 F.3d 47, 55 (2d Cir. 1995).  Here, Emmerling's proposed amendments are merely stylistic and fail to amend his complaint in a manner that would survive dismissal. See Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999). We therefore conclude that the district court did not abuse its discretion in denying Emmerling leave to amend his complaint.

We hereby **AFFIRM** the district court's judgment denying Appellant's motion to amend his complaint and granting Appellees' motions to dismiss Appellant's complaint with prejudice.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4