12-217-cv
Kiryas Joel Alliance, et al. v. Village of Kiryas Joel, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.


At a stated Term of the United States Court of Appeals for the Second
Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl
Street, in the City of New York, on the 10th day of September, two thousand twelve.

Present:     JOSEPH M. McLAUGHLIN,
             SUSAN L. CARNEY,
             CHRISTOPHER F. DRONEY,
                         *Circuit Judges.*

_____

KIRYAS JOEL ALLIANCE, CONGREGATION BAIS YOEL
OHEL FEIGE, ZALMAN WALDMAN, MEYER DEUTSCH,
BERNARD TYRNAUER, ISAAC SRUGO, JOSEPH
WALDMAN, MOSHE TENNENBAUM, DAVID WOLNER,
JOEL WALDMAN,

             *Plaintiffs-Appellants,*                    No. 12-217-cv

CONGREGATION TA OF KJ, INCORPORATED, SAMUEL
EISENBERG,

             *Plaintiffs,*

                  -v-

VILLAGE OF KIRYAS JOEL, JACOB REISMAN, VILLAGE
TRUSTEE, *sued in his official capacity*, MOSES
GOLDSTEIN, VILLAGE TRUSTEE, *sued in his official
capacity*, JACOB FREUND, SAMUEL LANDAU,
VILLAGE TRUSTEE, *sued in his official capacity*,
ABRAHAM WEIDER, MAYOR OF THE VILLAGE OF KIRYAS

JOEL, *sued in his official capacity*, MOSES WITRIOL, INDIVIDUALLY AND DIRECTOR, VILLAGE OF KIRYAS JOEL DEPARTMENT OF PUBLIC SAFETY, *sued in his official capacities*, CONGREGATION YETEV LEV D'SATMAR OF KIRYAS JOEL, DAVID EKSTEIN, TOWN OF MONROE,

*Defendants-Appellees,*

CESAR A. PERALES, *sued in his official capacity as acting New York Secretary of State,*

*Defendant.*

---

| | |
|---|---|
| Appearing for Appellants: | Michael H. Sussman, Sussman & Watkins, Goshen, NY. |
| Appearing for Appellee Village of Kiryas Joel: | Mark P. Gimbel, Covington & Burling LLP, New York, NY (Alan Vinegrad, Covington & Burling LLP, New York, NY; David L. Posner, McCabe & Mack LLP, Poughkeepsie, NY, *on the brief*). |
| Appearing for Appellee Moses Witriol: | Anna J. Ervolina, Morris Duffy Alonso & Faley, New York, NY. |
| Appearing for Appellees Congregation Yetev Lev D'Satmar of Kiryas Joel and David Ekstein: | Richard M. Mahon, II, Tarshis, Catania, Liberth, Mahon & Milligram, PLLC, Newburgh, NY. |

Appeal from the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*). **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED**.

Plaintiffs-Appellants, members of a self-identified "dissident" population living in defendant Village of Kiryas Joel in Orange County, New York, appeal from the district court's judgment granting defendants' motions to dismiss the amended

2

complaint. Plaintiffs asserted a variety of claims under 42 U.S.C. §§ 1983 and 1985 for alleged violations of their First and Fourteenth Amendment rights, and a claim under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA") for alleged discriminatory application of the Village's zoning laws. The district court dismissed some of plaintiffs' claims on *res judicata* grounds, other claims on the basis of plaintiffs' lack of standing to sue, and the remaining claims for failure to state a claim upon which relief could be granted. We assume the parties' familiarity with the alleged facts, the procedural history, and the arguments raised on appeal, which we reference only as necessary to explain our decision.

We review *de novo* a district court's application of *res judicata* principles, *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007), and its dismissal of claims for want of standing under Federal Rule of Civil Procedure 12(b)(1), *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (per curiam). We also review *de novo* a district court's grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chase Grp. Alliance LLC v. City of N.Y. Dep't of Fin.*, 620 F.3d 146, 150 (2d Cir. 2010) (internal quotation marks omitted). We affirm a Rule 12(b)(6) dismissal "only if the plaintiff fails to provide factual allegations sufficient to raise a right to relief above the speculative level." *Id.* (internal quotation marks omitted).

The parties in this action and their various representatives have been embroiled in litigation in both state and federal courts for the past two decades. We briefly describe the genesis of their long-standing dispute, as it is described in the amended complaint. The Village of Kiryas Joel (the "Village") was incorporated in 1977 to serve as an enclave for followers of the Satmar Hasidic sect of Judaism. The Village is populated exclusively by followers of that sect, a majority of whom are members of defendant Congregation Yetev Lev D'Satmar of Kiryas Joel ("Congregation Yetev"). Plaintiffs are also followers of the Satmar Hasidic faith, but do not accept the legitimacy of Congregation Yetev's current leader, the Grand Rebbe, Aron Teitelbaum, a relative of the original leader of the sect. Plaintiffs contend that because of their refusal to accept the current Grand Rebbe, they and other "dissidents" have been discriminated against in several ways by the Village, which, they allege, is run entirely by members of Congregation Yetev.

A.    *Res Judicata*

Under the doctrine of *res judicata*, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *EDP Med. Computer*, 480 F.3d at 624 (internal quotation marks omitted and alteration in original). The doctrine applies where "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).[1]

---

[1] A federal court "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v.*

In order for *res judicata* to bar plaintiffs' claims, "[i]t must first be determined that the second suit involves the same 'claim'—or 'nucleus of operative fact[s]'—as the first suit." *Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000) (internal quotation marks omitted and first alteration in original). To decide whether two actions arise from the same "claim," we consider "whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Id.* (internal quotation marks omitted).

Plaintiffs here have alleged that the Village violated their constitutional rights and their rights under RLUIPA by, *inter alia*, requiring plaintiff Congregation Bais Yoel Ohel Feige ("Congregation Yoel"), a "dissident" congregation, to obtain municipal approval before using Congregation Yoel's own property (the "Property") as a synagogue, while not imposing the same requirement on residentially-zoned houses of worship associated with Congregation Yetev. The district court concluded that *res judicata* barred plaintiffs' claims related to the Property.[2] We agree. Congregation Yoel, Zalman Waldman, Bernard Tyrnauer, and Meyer Deutsch—all plaintiffs in this action—have already brought, and seen the final adjudication of, two lawsuits in New York state court in which they maintained, as they do here, that Congregation Yetev and the Village have

---

*Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). New York law thus determines the preclusive effect of previous New York state court judgments. In the case at bar, we rely on federal preclusion law, because there "appears to be no significant difference between New York preclusion law and federal preclusion law." *Pike v. Freeman*, 266 F.3d 78, 90 n.14 (2d Cir. 2001).

[2] In determining whether plaintiffs' claims were barred by *res judicata*, the district court properly considered documents expressly referenced in the amended complaint and materials in the public record that are subject to judicial notice. *See Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (noting that courts "may also look to public records, including complaints filed in state court, in deciding a motion to dismiss"); *see also Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

wrongfully prevented Congregation Yoel from using the Property for religious services. *See Bais Yoel Ohel Feige v. Congregation Yetev Lev D'Satmar of Kiryas Joel*, No. 4075-2004 (N.Y. Sup. Ct. Jan. 22, 2008) ("*Bais Yoel I*"); *Bais Yoel Ohel Feige v. Vill. of Kiryas Joel*, No. 5655-2010 (N.Y. Sup. Ct. Aug. 13, 2010) ("*Bais Yoel II*").[3] As the district court properly determined, the same "nucleus of operative facts" is at issue in both this case and in these previous state court litigations.

Plaintiffs argue that preclusion is nonetheless inappropriate because the present action involves assertedly new factual allegations related to the Property and purported violations of the Equal Protection Clause and the Establishment Clause—claims not asserted in *Bais Yoel I* or *Bais Yoel II*. But plaintiffs "cannot avoid the effects of res judicata by 'splitting' [their] claim[s] into various suits, based on different legal theories (with different evidence 'necessary' to each suit)." *Waldman*, 207 F.3d at 110. Further, plaintiffs' purportedly "new" factual allegations in this action—namely, the Village's "construction blitz" on the Property and the Village's alleged efforts to impede Congregation Yoel's attempt to obtain municipal approval for the Property's proposed use as a synagogue—are hardly of recent vintage: as the district court observed, they were expressly raised and litigated in *Bais Yoel II*. To the extent that the facts and claims asserted in the present and the previous two actions are not entirely congruent, plaintiffs fail to offer any persuasive reason why those claims and facts could not have been

---

[3] In *Bais Yoel I,* the court, after a trial on the merits, held that plaintiffs were required to obtain municipal approval before using the Property for religious purposes. That decision, as relevant here, was affirmed on appeal. *Bais Yoel Ohel Feige v. Congregation Yetev Lev D'Satmar of Kiryas Joel*, 885 N.Y.S.2d 741 (2d Dep't 2009). In *Bais Yoel II*, the same plaintiffs asserted, *inter alia*, that the Village's requirement that plaintiffs obtain municipal approval before using the Property for religious services violated RLUIPA. Plaintiffs also requested that the court enjoin Congregation Yetev and the Village from interfering with plaintiffs' use of the Property for religious assembly. The court concluded that *res judicata* barred plaintiffs' claims and thus dismissed the suit.

asserted earlier.[4] Accordingly, we affirm the district court's dismissal on *res judicata* grounds of all claims related to the Property.

B. Standing

Standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006) (internal quotation marks omitted). To survive a defendant's Rule 12(b)(1) motion to dismiss for lack of standing, plaintiffs "must allege facts that affirmatively and plausibly suggest that [they have] standing to sue." *Amidax*, 671 F.3d at 145. Plaintiffs must "allege, and ultimately prove, that [they] ha[ve] suffered an injury-in-fact that is fairly traceable to the challenged action of the defendant, and which is likely to be redressed by the requested relief." *Baur v. Veneman*, 352 F.3d 625, 632 (2d Cir. 2003).

Here, the district court concluded that plaintiffs lacked standing to bring various claims concerning alleged injuries to non-parties. As the district court observed, these claims focused on:

> municipal fees charged for garbage removal levied against non-parties Keren Chasanim and Congregation Tiv Livov; the [Kiryas Joel Department of Public Safety's ("KJPS")] enforcement of Village noise ordinances against non-party Joel Lieberman; the KJPS' alleged failure to protect non-party Rafael Rabinowitz from attack by groups of [United Talmudical Academy ("UTA")] schoolchildren; the Village's alleged failure to grant property tax exemptions to non-parties Samuel Eisenberg and Congregation TA; Congregation Yetev's refusal to allow the non-party Pearlstein family to bury their relative Eziel Pearlstein in the main Congregation Yetev cemetery in the Village; the Village's alleged wrongful termination of non-party Lawrence Rossini from his

---

[4] Plaintiffs do contend that they could not have brought their claims regarding the Village's alleged discriminatory enforcement of the zoning laws in any previous litigation. Reply Br. at 23. But, at the same time, they concede that since the 1980s, residentially-zoned properties throughout the Village have been used as synagogues absent municipal approval. *Id.* at 5. Plaintiffs thus offer no convincing reason why they could not have raised the issue of selective enforcement in *Bais Yoel II* (if not also in *Bais Yoel I*): both of those cases involved the application of the Village's zoning laws.

7

position as a building inspector; and the Village's improper delay in granting non-parties Prag Realty and Lipa Deutsch Certificates of Occupancy for a residential development based on their plans to use a community room for non-religious purposes.

*Kiryas Joel Alliance v. Vill. of Kiryas Joel*, No. 11 Civ. 3982, 2011 WL 5995075, at

*7 (S.D.N.Y. Nov. 29, 2011).[5]

Plaintiff Kiryas Joel Alliance ("KJA"), an "unincorporated, nonprofit association" that "advocat[es] for the rights of the citizens of Kiryas Joel," Am. Compl. ¶ 11, maintains that it has standing, in a representative capacity, to assert these claims on behalf of its members. This argument is unavailing. The amended complaint does not allege that any of the purportedly injured parties are members of KJA, nor did plaintiffs seek to join any of these non-parties as plaintiffs in this action. Moreover, because "the rights [§ 1983] secures [are] personal to those purportedly injured," organizations lack standing to assert § 1983 claims on behalf of their members. *Nnebe v. Daus*, 644 F.3d 147, 156 (2d Cir. 2011) (internal quotation marks omitted and first alteration in original).

An organization may, however, bring a § 1983 suit on its own behalf "so long as it can independently satisfy the requirements of Article III standing." *Id.* On the basis of KJA's assertion that it had diverted resources from its other activities to provide security to "dissidents," Am. Compl. ¶ 241, the district court determined that KJA had standing to assert *only* those claims related to KJPS's alleged failure to protect non-party Rafael Rabinowitz from attack by groups of UTA children.

[5] The district court also concluded that plaintiffs lacked standing to bring an Establishment Clause claim based on the Village's "Community Room" law because they had not adequately pled that they had suffered an injury as a result of the law. The court dismissed the claim without prejudice, however, giving plaintiffs leave to amend the complaint to add new parties or to adequately plead injury to the current parties. Plaintiffs chose not to amend the complaint and instead requested that the court enter a final judgment. We conclude that plaintiffs' "Community Room" claim suffers from the same standing defect (discussed *infra*) as their other claims concerning alleged injuries to non-parties.

8

Plaintiffs argue that if KJA has standing to pursue one narrow set of claims, it also has "standing to litigate in full the equal protection and Establishment [C]lause claims asserted in the [amended complaint]." Appellants' Br. at 25. But, contrary to plaintiffs' argument, standing must be demonstrated "for each claim and form of relief sought." *Baur*, 352 F.3d at 641 n.15; *see also Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996) ("[S]tanding is not dispensed in gross."). Therefore, a plaintiff that "has been subject to injurious conduct of one kind" does not "possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which [it] has not been subject." *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982). Because the amended complaint fails to plead that KJA itself suffered an injury related to the claims dismissed for lack of standing, we affirm the district court's dismissal of those claims.

C.   Remaining Claims

To state a religion-based claim under the Equal Protection Clause, plaintiffs must plausibly allege that a government actor intentionally discriminated against them on the basis of their religion. *See Knight v. Conn. Dep't of Pub. Health*, 275 F.3d 156, 166 (2d Cir. 2001). Although plaintiffs urge that their equal protection claims involve intentional religious discrimination, we agree with the district court that plaintiffs have not plausibly alleged that defendants' alleged actions were motivated by religious—as opposed to political—differences. Plaintiffs acknowledge that they share the same Satmar Hasidic faith as defendants, Reply Br. at 21, and the amended complaint does not identify different religious creeds adhered to by the majority faction and the "dissident" population. Rather, as the district court concluded, the discord is, at its core, political. It reflects an acrimonious—but not

9

essentially "religious"—dispute over "who should be the leader of . . . Satmar Hasidim." *Kiryas Joel Alliance*, 2011 WL 5995075, at *8. We have affirmed the dismissal of equal protection claims arising from similar disputes in the past. *See Brach v. Congregation Yetev Lev D'Satmar, Inc.*, No. cv-93-4606, slip op. at 17 (E.D.N.Y. Sept. 9, 1993) (dismissing plaintiff's claim of conspiracy to violate the Equal Protection Clause and observing that the dissidents' "refusal to accept the authority of the present Congregation Rebbe . . . . is an internal dispute between members of a sect and nothing more"), *aff'd*, 57 F.3d 1064 (2d Cir. May 30, 1995) (summary order). Accordingly, we affirm the district court's dismissal of plaintiffs' remaining equal protection claims.

We also agree with the district court that the remaining allegations in the amended complaint fail to state a claim under the Establishment Clause. To determine whether government action violates the Establishment Clause, we apply the three-pronged test established in *Lemon v. Kurtzman*, 403 U.S. 602 (1971), which requires that "a statute or practice . . . , if it is to be permissible under the Establishment Clause, must have a secular purpose; it must neither advance nor inhibit religion in its principal or primary effect; and it must not foster an excessive entanglement with religion." *Cnty. of Allegheny v. ACLU Greater Pittsburgh Chapter*, 492 U.S. 573, 592 (1989).

Plaintiffs urge that they have stated an Establishment Clause claim by alleging that the Village is unlawfully entangled with religion—principally in that all the Village officials are members of Congregation Yetev—and that the Village has selectively enforced its laws against dissidents. Although the Village's formation and constitution are undoubtedly unusual, and were reasonably

10

questioned in the past, *see generally Bd. of Educ. v. Grumet*, 512 U.S. 687 (1994), we are not persuaded. As the district court determined, plaintiffs' current allegations about the overlapping leadership in the Village and Congregation Yetev, standing alone, are insufficient to state an Establishment Clause claim. *Cf. id.* at 698-99; *McDaniel v. Paty*, 435 U.S. 618, 629 (1978) (invalidating a state law that disqualified members of the clergy from holding certain public offices). Further, their allegations regarding selective enforcement of the laws relate to plaintiffs' equal protection claims, which, as we have discussed, were properly dismissed. We therefore affirm the district court's dismissal of plaintiffs' claims under the Establishment Clause.

Finally, to state a valid conspiracy claim under 42 U.S.C. § 1985(3), plaintiffs must, among other things, plausibly allege the existence of a conspiracy to deprive them of their constitutional rights. Plaintiffs here have provided only vague and conclusory allegations that defendants entered into an unlawful agreement. These do not suffice. *See Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir. 1999) (per curiam) ("[A] complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." (internal quotation marks omitted)); *see also Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) ("[A] plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." (internal quotation marks omitted)). Accordingly, we affirm the district court's dismissal of plaintiffs' conspiracy claim.

11

We have considered plaintiffs' remaining arguments and conclude that they are without merit.  The judgment of the district court is therefore **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk